The plaintiff was hired by Security Savings Loan Association (Security Savings) as President with a guaranteed salary and other benefits. In April of 1991, the Office of Thrift Supervision (OTS) closed Security Savings and appointed the Resolution Trust Corporation (RTC) as receiver. That same day, RTC created Security Federal Savings Loan Association (Security Federal), the named defendant, to take over the assets and liabilities of Security Savings. Plaintiff alleges that he continued to act as President of Security Federal and that it took over his employment contract.
On February 13, 1992, plaintiff brought suit against Security Federal claiming that it had breached the employment contract for nonpayment of the salary agreed by contract, and also, that it failed to supply him with a car under the contract. On March 20, 1992, the OTS ordered Security Federal closed and RTC was appointed as receiver to liquidate its assets and determine claims against Security Federal. On April 28, 1992, the RTC moved to dismiss on the ground that plaintiff failed to exhaust his administrative remedies pursuant to the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"),12 U.S.C. § 1821.
It is undisputed by the parties that in an action brought against an institution after the RTC has been appointed receiver, FIRREA explicitly divests courts of subject matter jurisdiction until plaintiff has utilized the administrative review process. See, e.g., Bank of New England, N.A. v. Callahan, 758 F. Sup. 61, 64
CT Page 5580 (D.N.H. 1991) ("It is beyond question that a suit filed against the receiver after its appointment is subject to the administrative [review requirement].") The narrow question which needs to be addressed now before the court, an issue which does not enjoy a uniformity of opinion, is whether FIRREA mandates administrative review when RTC is appointed receiver when an action is brought against an institution under receivership.
The reason for this uncertainty is that FIRREA, enacted by Congress in haste as a response to the savings and loan crisis, contains "various provisions . . . which are difficult to reconcile." Tuxedo Beach Club Corp. v. City Federal Savings Bank,737 F. Sup. 18, 20 (D.N.J. 1990). As the FDIC has argued in another case, "poor and inartful drafting led to the apparently incongruous language in the statute." Marc Development, Inc. v. FDIC,771 F. Sup. 1163, 1165 (D.Utah 1991).
The language of FIRREA is clear that "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over — (1) any claim or action or payment from, or any action seeking a determination of rights, with respect to the assets of any depository institution for which the Corporation has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D). Thus, the court cannot have jurisdiction over this action unless subsection (d) grants jurisdiction in this instance.
The interpretation and interrelationship of the following statutes is at issue here. 12 U.S.C. § 1821(d)(3)(4) grants the RTC the authority, as receiver, to "determine claims" presented against the failed institution through its administrative process. Upon receipt of a claim, RTC has 180 days in which to allow or disallow a claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the RTC disallows the claim, then 12 U.S.C. § 1821(d)(6)(A) provides that "the claimant may request administrative review of the claim. . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district . . . within which the depository institution's principal place of business is located." Thus, a court may acquire jurisdiction of an action if the claimant presents its claim to the RTC, the claim is disallowed and, in the statutory time period, the claimant files suit on the claim.
There are, however, two other sections in subsection (d) which cause confusion if they are attempted to be read harmoniously with the above sections. 12 U.S.C. § 1821(d)(5)(F)(ii) states that "[s]ubject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." And 12 U.S.C. § 1821(d)(12)(A) provides that after a receiver is appointed, it may request a 90-day stay in any judicial proceeding CT Page 5581 in which it has been thrust.
Thus, RTC argues that, as the courts are deprived of jurisdiction except as granted by subsection (d), and this subsection grants jurisdiction only after the claimant utilizes the administrative process, this court is deprived of jurisdiction because plaintiff has not exhausted the administrative process. Plaintiff argues that this reasoning ignores 12 U.S.C. § 1821(d)(5)(F)(ii) and (d)(12). He argues that the exclusivity of the administrative process only applies to claims brought after the receiver is appointed, and that when the receiver is appointed after suit is filed, a plaintiff has the option of continuing his suit, filing a claim with the RTC or doing both. As stated before, there are federal court decisions which support both parties' arguments.
A number of courts have held that, regardless of when the RTC is appointed receiver, a court is deprived of jurisdiction if the claim has not been presented to the RTC for review in its administrative process. See e.g. Everett N. Dobson Sons, Inc. v. Dictar Associates, 764 F. Sup. 1, 2 (D.Me. 1990); Rexam Ltd. v. RTC, 754 F. Sup. 245, 246 (D.Puerto Rico 1990). Noting the incongruities of the statutory language which would appear to deprive a court of jurisdiction yet allow the continuance of an action subject only to a 90-day stay, Tuxedo, supra, 19 (statute apparently "provide[s] for two clearly contradictory outcomes"); the courts have examined the legislative history and concluded that "Congress intended that a district court could not have subject matter jurisdiction of state law claims . . . until those claims are first presented to and adjudicated by the RTC." Cirdi Industries v. City Federal Savings Bank, 749 F. Sup. 447, 454 (E.D.N.Y. 1990).
Other courts have emphasized different portions of the legislative history. In FDIC v. Taylor, 727 F. Sup. 326 (S.D.Tex. 1989), the court noted that the 90-day stay provision was added to allow the receiver "breathing room" because "the appointment of a . . . receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and decide best how to proceed." Id., 328 quoting H.R. Rep. No. 54(I). 101st Cong., 1st Sess. 331, reprinted in 1989 U.S. Code Cong. Admin. News 86, 127. This legislative history does not support the RTC's position, for if the court were deprived of subject matter jurisdiction upon the appointment of a receiver, the RTC would not need 90 days of "breathing room" to analyze the changed character of the litigation as there would be no litigation in existence.
The court in Marc Development, supra, provided the most cogent analysis of the conflicting provisions and legislative history of FIRREA. The court noted that the right to continue an action filed before the appointment of the receiver12 U.S.C. § 1821(d)(5)(F)(ii); CT Page 5582 is subject only to paragraph (12) the 90-day stay provision. Id., 1167. Although 12 U.S.C. § 1821(d)(13)(D) states that "[e]xcept as provided in this subsection, no court shall have jurisdiction . . . ," the two above provisions, when read together, constitute a provision for jurisdiction.
The Marc Development court noted that reading the statute to require exhaustion in a case such as the instant case would render12 U.S.C. § 1821(d)(5)(F)(ii) meaningless. Marc Development supra, 1168. And the court recognized that the "cardinal rule in statutory construction" is that the court must give meaning to every provision and phrase, and that no part of a statute is to be considered superfluous but interpreted so as to give effect to the words chosen by Congress. Id., 1165 (citations omitted).
The court reasoned that this allowed a claimant who filed suit before the appointment of the receiver to continue that action, subject to the 90-day stay, file an administrative claim with the RTC or to pursue both avenues of relief. Id., 1168. This repetition of remedies is not inconsistent with FIRREA in that in the event a claim presented to it is disallowed by the RTC, the claimant may file suit in court for a de novo review of that claim. Id. FIRREA routinely provides for two remedies. Id., citing H.R. Rep. No. 54, 101st Cong., 1st Sess. 334, 418, reprinted in 1989 U.S. Code Cong. Admin. News 86, 130, 214.
The court also noted that requiring exhaustion in situations such as the present case severely interferes with the policy of efficient use of judicial resources. Id., 1169. A case in which the RTC is appointed receiver could have been in existence for years, possibly already in the hands of the factfinder. Id. Depriving the court of jurisdiction in these instances to force the claimant through an administrative process, after which the claimant can start all over again in court in its original claim, is hardly an effective use of scarce judicial resources. Id.
Other courts have reached a similar conclusion. See, e.g., Bank of New England, supra, 64 (requiring exhaustion in suits filed before appointment of a receiver "could contradict FIRREA's goal of efficient claims resolution.") Furthermore, it is "a firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint." Rosa v. RTC, 938 (F.2d 383, 392 n. 12 (3rd Cir. 1991). "Thus, the issue . . . is whether, at the time the case came before the . . . court, RTC had been appointed receiver." Id., 392. See also Praxis Properties v. Colonial Savings Bank, 947 F.2d 49, 63 n. 14 (3rd Cir. 1991) (noting that the "situation [where FIRREA deprives a court of jurisdiction for suits filed after the appointment of the receiver] is slightly different . . . where a claimant files its action . . . before the institution. . . is placed in receivership. In that case, the failure CT Page 5583 of the thrift and the appointment of RTC as receiver would appear not to divest the . . . court of jurisdiction." [citations omitted] [emphasis in original]).
In the instant case, the court is not deprived of jurisdiction because of plaintiff's failure to exhaust his administrative remedies. Plaintiff's right to continue his suit filed before the appointment of the receiver is subject only to the 90-day stay provision.12 U.S.C. § 1821(d)(5)(F)(ii). RTC's motion to dismiss is denied.
The RTC has, in the alternative, requested a stay for the duration of administrative proceedings. As discussed above, however plaintiff's right to continue his action is only subject to12 U.S.C. § 1821(d)(12), the 90-day "breathing room" period. If the RTC requests such, it would be entitled to such stay under that provision, but its current request for a stay for the duration of the administrative proceedings is denied.