[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#124)
On October 9, 1990, plaintiff bank, Enfield National Bank, filed a one count complaint against the defendant, Anthony DiFabio, seeking to recover sums due to it under a note. The plaintiff alleges that on December 11, 1989, plaintiff bank made an unsecured commercial loan to the defendant in the amount of $100,000. The plaintiff further alleges that, on the same day, the defendant executed a promissory note evidencing his obligation to pay plaintiff bank.
Interest on the principal sum was due monthly beginning January 11, 1990, and continuing on the 11th day of each month thereafter. The entire principal balance of $100,000 was to be paid in full on June 11, 1990. On June 11, 1990, the maturity date, the defendant allegedly failed to pay the principal amount due pursuant to the terms of the note.
On April 4, 1991, the defendant filed an answer, four special defenses and a two count counterclaim. The defendant alleges in his counterclaim that plaintiff bank failed to comply with the terms of the commercial loan transaction and seeks money damages from plaintiff bank.
On October 11, 1991, the FDIC, as receiver of plaintiff bank, moved to be substituted for plaintiff bank as party plaintiff in this action. Attached to the motion was the Declaration of Insolvency and Appointment of Receiver dated August 16, 1991 CT Page 11293 which declared the plaintiff bank insolvent and appointed the FDIC as receiver of plaintiff bank. On October 31, 1991, the FDIC's motion was granted by this court. On June 3, 1992, the FDIC filed another motion to be substituted as party plaintiff. This motion was granted by Judge Hale on June 29, 1992.
On July 14, 1992, the plaintiff, FDIC, moved to dismiss the defendant's counterclaim dated April 4, 1991, pursuant to Practice Book 143. The FDIC asserts that this court lacks subject matter jurisdiction over defendant's counterclaim. The plaintiff submitted a supporting memorandum of law. In its memorandum, the FDIC argues that on August 22, 1991, the defendant received a Notice to Creditors which stated that all creditors of plaintiff bank must present their claims to the FDIC no later than November 22, 1991. The FDIC further argued that, as of July 6, 1992, no administrative claims seeking recovery from the FDIC have been filed by the defendant and the plaintiff attaches, as Exhibit "C", an affidavit of the Unit Chief of Claims of the FDIC in support of its contention. The defendant did not file an opposing memorandum of law.
A motion to dismiss is the appropriate vehicle for asserting the court's lack of subject matter jurisdiction. Zizka v. Water Pollution Control Authority of Town of Windham, 195 Conn. 682,687, 490 A.2d 509 (1984). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112,438 A.2d 834 (1981). With a challenge to subject matter jurisdiction, "the court shall indulge every presumption in favor of subject matter jurisdiction." LeConche v. Elligers, 215 Conn. 701, 714,579 A.2d 1 (1990).
Prior to the 1989 amendment to Practice Book 143, a party who failed to file a timely memorandum of law in opposition was deemed to have consented to the granting of the motion to dismiss. Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,533 A.2d 161 (1989). However, under the present version of 143, the failure to timely file an opposing memorandum is not fatal. See Pepe v. New Britain, 203 Conn. 281, 287-88, 524 A.2d 629
(1987). Therefore, the defendant's failure to file an opposing memorandum of law does not mandate the granting of the motion and the court will consider the merits of the motion.
"In 1989 Congress enacted FIRREA [Financial Institution CT Page 11294 Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73,83 Stat. 183 (1989), codified at 12 U.S.C. § 1821d(5)-(14)], the most sweeping thrift reform law in the nation's history, to restore public confidence in the savings and loan industry and to reorganize the insolvent Federal Savings and Loan Insurance Corporation ("FSLIC")." Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., 947 F.2d 49, 62 (3rd Cir. 1991). Under FIRREA, FDIC, a wholly-owned government corporation, may be appointed as conservator or receiver of a failed institution. See Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., supra, 62-63 n. 11. In addition, FIRREA has created a comprehensive administrative process for adjudicating claims asserted against a failed depository institution. See In re First City National Bank Trust Co., 759 F. Sup. 1048, 1050-51 (S.D.N.Y. 1991).
Pursuant to 12 U.S.C. § 191 and 1821(c), the FDIC became receiver of plaintiff bank and thereby succeeded to all rights, titles, powers and privileges of the plaintiff bank with respect to the bank and its assets. 12 U.S.C. § 1821 (d)(2). The FDIC contends that the defendant's failure to file an administrative claim with the FDIC pursuant to 12 U.S.C. § 1821 (d)(2) renders this court without subject matter jurisdiction over the defendant's counterclaim.
In an action brought against an institution after the FDIC has been appointed receiver, the claimant must first exhaust available administrative remedies; thus, divesting courts of subject matter jurisdiction until the administrative review process is utilized. See, e.g., Bank of New England, N.H. v. Callahan, 758 F. Sup. 61, 64 (D.N.H. 1991). Under those circumstances the party commencing the action must comply with the administrative claim procedure established by FIRREA.
In the present case, however, the defendant's counterclaim was filed against the plaintiff bank prior to the appointment of FDIC as receiver and substitution of FDIC as party plaintiff. Therefore, the court must determine whether FIRREA mandates exhaustion of administrative remedies when the FDIC is appointed receiver after an action was brought against the bank.
The federal authorities are divided in this area. However, one Connecticut Superior Court has held that the court does have subject matter jurisdiction when an action is commenced prior to the appointment of a receiver. Burke v. Security Federal Savings Loan Association, 7 CSCR 957, 958 (July 14, 1992, Meadow, J.). CT Page 11295 There is no uniformity of opinion among the federal courts because the FIRREA, hastily enacted by Congress in response to a perceived emergency, contains certain internal inconsistencies. See Marquis v. Federal Deposit Insurance Co., 779 F. Supp. (D.N.H. 1991). The court in one case has noted that the defendant FDIC itself had argued that "poor and inartful drafting led to apparently incongruous language in the statute." Marc Development, Inc. v. FDIC, 771 F. Sup. 1163, 1165 (D. Utah 1991).
"FIRREA expressly limits a claimant's ability to circumvent the . . . administrative claims procedure. . . ." Praxis Properties v. Colonial Savings Bank, S.L.A., supra 63. Paragraph (d)(13)(D) of the FIRREA states:
 (D) Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over — (i) any claim or action or payment from, or any action seeking a determination of rights, with respect to the assets of any depository institution for which the corporation has been appointed receiver, including assets which the corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the corporation as receiver.
12 U.S.C. § 1821 (d)(13)(D).
"Subsection (d) governs the FDIC powers and procedures when the FDIC serves as receiver or conservator." Marc Development, Inc. v. FDIC, supra, 1164 n. 4.
The interrelationship of the relevant sections is crucial here. See Burke v. Security Federal Savings Loan Assoc., supra.
The FDIC, pursuant to 12 U.S.C. § 1821 (d)(3), (4), has authority, as receiver, to "determine claims" presented against the failed institution through its administrative review procedure. After a claim is filed with the FDIC, the FDIC has only 180 days in which to allow or disallow a claim. 12 U.S.C. § 1821
(d)(5)(A)(i); Marc Development, Inc. v. FDIC, supra, 1166. If the FDIC "denies a creditor's claim or fails to render a decision within the allotted 180 day period, then the claimant has 60 days to: (1) request an administrative review of the CT Page 11296 claim; or (2) file suit on the claim in the district court . . .; or (3) continue a judicial action commenced prior to the appointment of a receiver." Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., supra, 63, citing 12 U.S.C.A. 1821(d)(6)(A) (West 1989). Thus, a court may obtain jurisdiction over an action if the claimant presents its claim to the FDIC, the claim is disallowed or the 180 day period lapses, and the claimant files suit within the statutory time period.
However, there are "two other sections in subsection (d) which cause confusion if they are attempted to be read harmoniously with the above sections." Burke v. Security Federal Savings Loan Assoc., supra, 958.
First, 12 U.S.C. § 1821(d)(12)(A)(ii) grants the FDIC, as receiver, a 90 day stay in any judicial action or proceeding in which it is or becomes a party. Second, 12 U.S.C. § 1821 (d)(5) (F) (ii) provides, "[s]ubject to paragraph (12) [the 90 day stay provision], the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." These two provisions are inconsistent with the limitation on judicial review discussed above. When read together, 12 U.S.C. § 1821 (d) (5)(F) (ii) and d(12) appear to provide a basis for this court's jurisdiction.
The FDIC argues that 12 U.S.C. § 1821 (d) (13) (D) divests courts of jurisdiction until the completion of its administrative procedure and therefore, since the defendant did not utilize the administrative process, the action must be dismissed. FDIC's reasoning fails to consider 12 U.S.C. § 1821 (d)(5)(F) (ii) and (d) (12).
Some courts have held that regardless of when the receiver is appointed, a court lacks jurisdiction if the claim has not been presented for review in the administrative process. See, e.g., Simms v. Biondo, 785 F. Sup. 322, 325 (E.D.N.Y. 1992); Everett N. Dobson Sons, Inc. v. Dictar Associates, 764 F. Sup. 1, 2
(D. Me. 1990); Rexam Ltd. v. RTC, 754 F. Sup. 245, 246 (D. Puerto Rico 1990). Further, in Tuxedo Beach Club Corp. v. city Federal Savings Bank, the court noted the irreconcilable provisions in FIRREA which would seem to divest a court of jurisdiction yet allow the continuance of an action subject only to a 90-day stay. Tuxedo Beach Club Corp. v. City Federal Savings Bank, 737 F. Sup. 18, 19 (D.N.J. 1990). However, that court CT Page 11297 relied on legislative history which stated that only "[a]fter exhaustion of streamlined administrative procedures, a claimant has a choice to . . . bring the claim de novo in District Court." Tuxedo Beach Club Corp. v. City Federal Savings Bank, supra, 19, quoting H.R. Rep. No. 101-54(I). 101st Cong., 1st Sess. reprinted in 1989 U.S. Code Cong. Admin. News 86, 214.
A number of courts have concluded that where a claimant files its action against a depository institution before the institution becomes insolvent and is placed in receivership, the court would retain subject matter jurisdiction. Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., supra 63; Cohen v. Resolution Trust Corp., 784 F. Sup. 197, 200 (E.D.Pa. 1992); Coston v. Gold Coast Graphics, Inc., 782 F. Sup. 1532,1536 n. 6 (S.D. Fla. 1992); Marquis v. Federal Deposit Insurance Corp., supra, 8-9; Marc Development, Inc. v. FDIC, supra, 116869; Burke v. Federal Security Savings and Loan Association, supra, 958-59. In addition, "[i]t is a firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint." Praxis Properties, Inc. v. Colonial Savings Bank, supra, 63 n. 14, quoting Rosa v. RTC, 938 F.2d 383,392 n. 12 (3rd. Cir. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 582, 116 L.Ed.2d 608 (1991).
In Federal Deposit Insurance Corp. v. Taylor, the court emphasized a different portion of legislative history than was stressed by the court in Tuxedo Beach Club Corp. "The legislative history of FIRREA indicates that the 90-day provision was enacted to allow the FDIC receiver `breathing room' immediately upon appointment." Federal Deposit Insurance Corp. v. Taylor,727 F. Sup. 326, 327-28 (S.D. Tex. 1989). A House of Representatives' report on FIRREA states, "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed." Id., quoting H.R. Rep. No. 54(I). 101st Cong., 1st Sess. 331, reprinted in 1989 U.S. Code Cong. Admin. News 86, 127. FDIC's position conflict with this legislative history, "for if the court were deprived of subject matter jurisdiction upon the appointment of a receiver, the RTC [or FDIC] would not need 90 days of `breathing room' to analyze the changed character of the litigation as there would be no litigation in existence." Burke v. Security Federal Savings Loan Assoc., supra, 958.
In Marc Development Inc. v. FDIC. the court held that12 U.S.C. § 1821 (d) (13) (D) was intended only to insulate the FDIC CT Page 11298 from judicial review of its actions as either receiver or administrative claims processor in cases where the claim was initiated after the FDIC had been appointed receiver. Marc Development Inc. v. FDIC, supra, 1167-68. The court in Marc Development pointed out that the right, under 12 U.S.C. § 1821 (d) (5)(f) (ii), to continue an action filed before the appointment of a receiver, is subject only to the 90 day stay provision of paragraph (12). Id., 1167.
Interpreting the statute to require exhaustion of administrative procedures, as the FDIC does in the instant case, would render 12 U.S.C. § 1821 (d)(5)(F) (ii) meaningless. See Id. "Courts must avoid an interpretation that renders any part of the statute superfluous, erroneous or fails to give effect to the words chosen by Congress." Id., 1165, citing Beisler v. C.I.R.,814 F.2d 1304, 1307 (9th Cir. 1987). Furthermore, "the starting point of any statutory interpretation is the language of the statute" and the "cardinal rule in statutory construction" is that the court should give meaning to every provision and phrase (Citations omitted). Id. The court, guided by these principles, must consider all relevant provisions of the FIRREA.
In addition, FIRREA provides that after the FDIC allows or disallows a claim, a claimant may "continue" a lawsuit filed prior to appointment of the receiver. 12 U.S.C. § 1821 (d)(6)(A). "The term `continue' implies that a party is proceeding forward in an ongoing case without an interruption in the court's jurisdiction" because a "claimant could not `continue' an action over which the court has been deprived of subject matter jurisdiction." Marquis v. Federal Deposit Insurance Corp., supra, 8.
This interpretation is consistent with the court's reasoning in Marc Development which allows a claimant who filed suit before the appointment of a receiver to continue that action subject to the 90-day stay, file an administrative claim with the receiver or pursue both remedies simultaneously. Marc Development, Inc. v. FDIC, supra, 1168. Furthermore, this repetition of available remedies is consistent with FIRREA, which allows a claimant, after exhaustion of the administrative claims process, to seek a de novo review of that claim in court. Id. "Subsection (d) routinely provides two remedies to a claimant." Id., citing H.R. Rep. No. 54, 101st Cong., 1st Sess. 334, 418 reprinted in 1989 U.S. Code Cong. Admin. News 86, 130, 214. CT Page 11299
"Congress' overriding purpose for requiring exhaustion of administrative procedures was to enable RTC [FDIC] `to dispose of the bulk of claims against failed institutions expeditiously and fairly.'" In Praxis Properties, Inc. v. Colonial Savings Bank, supra, 64, quoting H.R. Rep. No. 101-54(1), 101st Cong. 1st Sess. 1 at 419, 1989 U.S.C. CAN 86, 215. See also Tuxedo Beach Club Corp., supra 20. The court's interpretation in Marc Development "of the scope of the jurisdiction limit also serves the policy of conserving judicial resources." Marc Development, Inc. v. FDIC, supra, 1169. "To read the jurisdiction limit as not drawing a distinction between suits filed before and after the receivership would lead to the waste of considerable legal efforts." Id. For example, an action where a receiver is appointed could have been in the court system for years and be ready for submission to a judge or jury. Id. "Depriving the court of jurisdiction in these instances to force the claimant through an administrative process, after which the claimant can start all over again in court . . . [on] its original claim, is hardly effective use of scarce judicial resources." Burke v. Security Federal Savings Loan Assoc., supra, citing Marc Development, Inc. v. FDIC, supra. Therefore, requiring exhaustion of administrative relief in actions filed prior to the appointment of a receiver "could contradict FIRREA's goal of efficient claims resolution." Bank of New England, N.H. v. Callahan, supra.
Accordingly, this court has subject matter jurisdiction over the present action since it was commenced before the appointment of the FDIC as receiver, and the language of the statute does not oust the court of jurisdiction. The FDIC's motion to dismiss is denied.
Burns, J.