SIX CARPENTERS, INC., ET AL. *v.* BEACH
CARPENTERS CORPORATION

HOUSE, C. J., LOISELLE, BOGDANSKI, BARBER and MACDONALD, Js.

Argued October 6—decision released November 16, 1976

1

R. *Cornelius Danaher, Jr.,* for the appellant (defendant).

*Richard B. Cramer,* with whom, on the brief, was *Sheila Taub,* for the appellees (plaintiffs).

BOGDANSKI, J. This appeal involves an interpretation of portions of Public Acts 1975, No. 75-418, to determine whether the trial court had jurisdiction to rule on an application to determine whether the mechanic's lien for which a bond had been substituted should be declared invalid or reduced in amount when the bond was substituted by agreement of the parties rather than pursuant to the provisions of § 8 (a) of the act.

The facts are not in dispute: On April 15, 1974, the defendant caused a mechanic's lien to be placed on the land records of the town of Hartford against property owned by the B. C. Development Corporation, Inc. By agreement of the parties, the lien was released upon the substitution of a bond for claimed indebtedness amounting to $31,525, for which the named plaintiff acted as principal, and the plaintiff Aetna Casualty and Surety Company as surety. The principal and surety thereafter applied to the Superior Court for the discharge or reduction of the bond, pursuant to Public Acts 1975, No. 75-418, § 8 (b). On September 9, 1975, the Superior Court ordered a reduction of the bond to $10,000. From that order the defendant has appealed to this court.

The defendant claims that because the bond was substituted for the mechanic's lien by private agreement of the parties, rather than in accordance with the provisions of General Statutes § 49-37 (the predecessor of Public Acts 1975, No. 75-418, § 8 [a]), the court was without jurisdiction to rule on the application.

A review of the events which led to the enactment of Public Acts 1975, No. 75-418, § 8, is in order. In 1975, following a line of cases decided by the United States Supreme Court, including *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556, rehearing denied, 409 U.S. 902, 93 S. Ct. 177, 34 L. Ed. 2d 165; *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424, rehearing denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822; and *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349, which greatly expanded the requirements of due process of law in creditor proceedings, the constitutionality of Connecticut's mechanic's lien statutes was raised before this court. See *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 374, 362 A.2d 778, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172. In *Roundhouse,* this court, after reviewing the history of mechanic's liens in Connecticut, dating back to the Public Acts of 1836, chapter 76, concluded (p. 385) "that the absence of a statutory provision for a hearing for the . . . [alleged debtors] 'at a meaningful time and in a meaningful manner'; *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62; has deprived them of their constitutional rights to due process of law as those rights have been recently enunciated by the United States Supreme Court."

Included among the statutes found constitutionally deficient was General Statutes § 49-37, which permitted the owner of any real estate against which a mechanic's lien was placed, or any person interested therein, to apply to the Superior Court or Court of Common Pleas for dissolution of the lien upon substitution of a bond with surety. The court in *Roundhouse* (pp. 383–84) concluded that the statute did not afford the property owner adequate due process protection, since the authority of the court was limited solely to the issuance of an order dissolving the lien upon substitution of a bond.

The General Assembly, responding to the *Roundhouse* decision, enacted remedial legislation. See 18 Conn. H. Proc., pt. 10, 1975 Sess., p. 4922. Although Public Acts 1975, No. 75-418, significantly reformed a number of our mechanic's lien statutes, we are concerned only with § 8 of the act,[1] and its

---

[1] Public Acts 1975, No. 75-418, "An act concerning mechanic's liens," provides in relevant part: "Sec. 8. Section 49-37 of the general statutes is repealed and the following is substituted in lieu thereof: (a) Whenever any mechanic's lien has been placed upon any real estate pursuant to sections 49-33, 49-34 and 49-35 of the general statutes, the owner of such real estate, or any person interested therein, may make an application to any judge of the superior court or of the court of common pleas that such lien be dissolved upon the substitution of a bond with surety, and such judge shall order reasonable notice to be given to the lienor of such application. . . . If such judge is satisfied that the applicant in good faith intends to contest such lien, he shall, if the applicant offers a bond, with sufficient surety, conditioned to pay to the lienor or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by such lien, with interest and costs, order such lien to be dissolved and such bond substituted therefor and shall return such application, notice, order and bond to the clerk of the superior court for the county wherein such lien is recorded; and, if the applicant, within ten days from such return, causes a copy of such order, certified by such clerk, to be recorded in the town clerk's office where such lien is recorded, such lien shall be dissolved. . . . (b) Whenever a bond has been substituted for any lien pursuant

application to the facts of this case. Section 8 (a) is a verbatim reenactment of General Statutes § 49-37, with the exception that the period in which an action must be brought on a substituted bond was reduced from two years to one year from the date of recording the certificate of lien.

Section 8 (b) of the act, however, is entirely new and "allows for an application for a hearing to determine whether the lien for which a bond was substituted, should be declared invalid or reduced in amount." 18 Conn. H. Proc., pt. 10, 1975 Sess., p. 4925. In relevant part, it provides: *"Whenever a bond has been substituted for any lien pursuant to this section:* (1) The principal or surety on such bond . . . may make application . . . to the superior court or the court of common pleas . . . or to any judge thereof, that a hearing be held to determine whether the lien for which such bond was substituted should be declared invalid or reduced in amount."* (Emphasis added.) Public Acts 1975, No. 75-418, § 8 (b).

to this section: (1) The principal or surety on such bond, if no action to recover on such bond is then pending before any court, may make application, together with a proposed order and summons, to the superior court or the court of common pleas for the county or judicial district in which such action may be brought, or to any judge thereof, that a hearing be held to determine whether the lien for which such bond was substituted should be declared invalid or reduced in amount. The court or judge shall thereupon order reasonable notice of such application to be given to the obligee on such bond and, if the application is not made by all principals or sureties on such bond, shall order reasonable notice of such application to be given to all other such principals and sureties, and shall set a date for the hearing to be held thereon. If such obligee or any principal or surety entitled to notice is not a resident of this state, such notice shall be given by personal service, registered or certified mail, publication or such other method as the court or judge shall direct. At least four days notice shall be given to such obligee, principal and surety entitled to notice prior to the date of such hearing. . . ."

The defendant claims that the language, "[w]henever a bond has been substituted for any lien pursuant to this section," sets forth an absolute condition precedent to the assertion of jurisdiction by a court over a § 8 (b) application. Thus, it is claimed that unless the bond was substituted in accordance with the provisions of either § 8 (a) of Public Acts 1975, No. 75-418, or General Statutes § 49-37, its predecessor, the court had no jurisdiction to act.

We do not agree. In our view, the phrase "any lien pursuant to this section" refers to mechanic's liens as distinguished from other types of liens on real estate. Every presumption must be indulged which favors the jurisdiction of the court. *Brewster* v. *Brewster,* 152 Conn. 228, 233, 206 A.2d 106. A reading of the pertinent statutes reveals that the legislative intent in enacting both § 8 (a) and its predecessor § 49-37 was to enable the owner or other person having an interest in the property to obtain release of the mechanic's lien so long as the lienor's rights are not thereby prejudiced. The lienor's rights are considered adequately protected if the landowner demonstrates a good-faith intention to contest the lien and substitutes a bond with surety in its place. Thus, while the statutory provisions are designed to facilitate the transfer of the property by dissolution of the lien, they are also intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien. See, generally, 53 Am. Jur. 2d, Mechanics' Liens, § 19.

On the facts of this case, all objectives of the statutes were met. After the defendant placed a lien against the property of the B. C. Development

Corporation, an agreement was reached to offer a bond with surety in exchange for a release of the lien. In an arm's length transaction, the defendant agreed to the terms of that agreement which was subsequently performed by both parties. Without need of any court intervention, the parties were able to agree on a satisfactory method for releasing the lien while continuing to provide the lienor with adequate assets to satisfy his claim.

The liability of a principal and a surety on a bond continues to depend upon the validity of the underlying lien. *Biller* v. *Harris,* 147 Conn. 351, 355, 161 A.2d 187; *Hartlin* v. *Cody,* 144 Conn. 499, 508, 134 A.2d 245. This is true whether the lien was dissolved in strict conformance with the statutes or whether it was released by private agreement. The fact that the court was not involved in the proceedings does not bar a review of the lien which the defendant continues to assert as the underlying basis for the substituted bond.

A contrary rule would give the lienor greater rights than those prescribed by the statute, and would deny the right of a principal or surety to challenge the validity of the underlying lien as authorized by the statute. It would also have the effect of denying a due process hearing as indicated by our holding in *Roundhouse,* supra, 374. The construction urged by the defendant would discourage the substitution of bonds by agreement because of a fear of waiving defenses to the underlying lien. Moreover, it would lead to public mischief by compelling judicial intervention when not needed nor desired. No such bizarre results can be ascribed to the legislature in view of the objectives of the statutes and the right to a due process hearing enunciated in *Roundhouse.*

We conclude that the trial court had jurisdiction to enter an order reducing the liability on the bond pursuant to § 8 (b) of the act.

There is no error.

In this opinion the other judges concurred.