## LaPOINTE LUMBER COMPANY

v.

## TANIST BROADCASTING CORP. et al.

Supreme Judicial Court of Maine.

Argued Sept. 12, 1984.

Decided Oct. 25, 1984.

Sanborn, Moreshead, Schade & Dawson, Lester F. Wilkinson, Jr. (orally), Lee K. Bragg, Augusta, for plaintiff.

Brann & Isaacson, Alfred C. Frawley (orally), Lewiston, William P. Dubord, Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, LaPointe Lumber Company, appeals from an order of the Superior Court, Kennebec County, releasing the Plaintiff's materialman's lien claimed on the Defendant Tanist Broadcasting Corporation's property. The Plaintiff argues that it seasonably had moved to preserve and enforce its materialman's lien and that the Superior Court erred in discharging the lien.

We vacate the order of release and remand for dismissal of the petition to release the lien. We are not here dealing with a M.R.Civ.P. 12(b) motion to challenge the service of process, but with a petition to release the lien brought pursuant to 10 M.R.S.A. § 3263.

The Plaintiff asserts that it delivered materials to the Defendant from January 27, 1983 to March 14, 1983. On March 22, 1983, the Plaintiff filed a statement of lien notice concerning the Defendant's property in the Kennebec County Registry of Deeds. The Plaintiff entered its complaint in Superior Court on June 8, 1983, naming Tanist Broadcasting Corporation, Harold Vigue, Norman Gallant, and Joseph Roy as the Defendants in an action to preserve and enforce its lien pursuant to 10 M.R.S.A. § 3255(1) (Supp.1983–1984).

Except for the Defendant Tanist Broadcasting Corporation, the other Defendants were served in the period from June 22, 1983 to June 29, 1983. The Defendants served answered the complaint, denying knowledge and consent to any agreements between the Plaintiff and the Defendant Tanist Broadcasting Corporation and denying allegations concerning amounts owed the Plaintiff by Tanist.

Thereupon Tanist filed a petition in Superior Court titled, "Petition In Accordance With 10 M.R.S.A. § 3263 For Release of Materialman's Lien," on August 23, 1983, contending that the Plaintiff had failed to comply with the statutory requirements to perfect its lien. Tanist's principal claim was that the Plaintiff had not served process on it.

Service was made upon Barton Carter, in his capacity as President of Tanist, on August 31, 1983. Following service and filing of Tanist's answer to the complaint on September 16, 1983, this Defendant's petition for release of Plaintiff's lien was argued before the Superior Court on October 3, 1983. A series of delays then transpired, including the granting of a continuance and a denial without prejudice of the first petition for release.

On January 20, 1984, the Defendant filed in Superior Court a new petition for release, again invoking 10 M.R.S.A. § 3263. The ground for the petition was set forth as a failure by the Plaintiff to serve process within the time specified in 10 M.R.S.A. § 3255 (Supp.1983–1984). The Superior Court conducted a hearing on the second petition on March 3, 1984 and four days later entered judgment that the materialman's lien be released.

█ We turn to the language and inherent purpose of our statute authorizing petitions for the release of liens, 10 M.R.S.A.

§ 3263 (Supp.1983–1984),[1] in considering the Plaintiff's claim that its lien was wrongfully discharged thereunder. Section 3263 has evolved from its original form in 1895 to its present state with only minor changes, none of which are pertinent to our analysis. *Compare* P.L.1895, ch. 30, § 7 *with* 10 M.R.S.A. § 3263. Generally, the plain meaning of a statute will control its interpretation. *See National Council on Compensation Insurance v. Superintendent of Insurance*, 481 A.2d 775 at 779 (Me.1984); *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 222 (Me.1981). In this instance we need not look beyond the statute to determine its meaning inasmuch as the language is clear and unambiguous. *See Perry v. Hartford Accident and Indemnity Co.*, 481 A.2d 133 at 138 (Me.1984); *Concord General Mutual Insurance Co. v. Patrons-Oxford Mutual Insurance Co.*, 411 A.2d 1017, 1020 (Me. 1980).

The Defendant argues that the words "may order such owner to give bond" in section 3263 indicate that the release may or may not be contingent upon the giving of a bond. We do not agree. An interpretation such as that proposed by the Defendant is not only removed from the context of the statute as a whole, but also contrary to the purpose of section 3263. The last two sentences of the section 3263 clearly dem-

onstrate that it is *only* when bond has been given that a lien will be vacated under section 3263.[2]

■ Section 3263 permits a justice or judge, upon petition by the owner of the property subject to the lien, the discretion to order or not to order the owner to substitute a bond for the lien. Our statute is in this respect very similar to those of other jurisdictions providing for such petitions for release.[3]

■ The Supreme Court of Connecticut, reviewing the purpose of Connecticut's statute governing the replacement of a lien by a bond, found:

> Thus, while the statutory provisions are designed to facilitate the transfer of the property by dissolution of the lien, they are also intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien.

*Six Carpenters, Inc. v. Beach Carpenters Corp.*, 172 Conn. 1, 6, 372 A.2d 123, 126 (1976) (citation omitted). We conclude that our statute, 10 M.R.S.A. § 3263, was similarly designed to protect the interests of both the lienor and the owner of the property subject to the lien. The Plaintiff's interest in this case was not protected

1. Section 3263 provides:

 Any owner of a building, wharf, pier or real estate upon which a lien is claimed may petition in writing the judge or justice of the court in which the lien action is filed setting forth the name of the lienor, the court and county or division in which the action is pending, the fact that a lien is claimed thereon under sections 3251 to 3254, the particular building, wharf, pier or real estate, and his interests therein, its value and his desire to have it released from said lien. The judge or justice shall issue a written notice which shall be served on the lienor or his attorney 10 days at least prior to the time fixed therein for a hearing. At the hearing, the judge or justice may order such owner to give bond to the lienor in such amount and with such sureties as he may approve, conditioned to pay the costs in the action, within 30 days after final decree or judgment. The clerk shall give the

plaintiff an attested copy of the complaint and proceedings, with a certificate under seal of the court attached thereto, that such bond has been duly filed in his office. The record of such copy and certificate in the registry of deeds, in the county or district where such real estate or interest therein lies, vacates the lien.

10 M.R.S.A. § 3263 (Supp.1983–1984).

2. "The clerk shall give the plaintiff ... a certificate ... that such bond has been duly filed .... The record of such certificate ... vacates the lien" 10 M.R.S.A. § 3263 (Supp.1983–1984).

3. *See e.g.,* Conn.Gen.State.Ann. § 49–37 (West 1978 & Supp.1984); Fla.Stat.Ann. § 713.24 (West Supp.1984); Ga.Code Ann. § 67–2004 (Supp.1984); Mass.Gen.Laws Ann. ch. 254, § 14 (West Supp.1984); N.Y.Lien Law § 19(4) (McKinney 1966 & Supp.1984).

when the court purported to release its lien without requiring a bond.

 Recognizing the relatively narrow purpose of section 3263, we reject the notion that section 3263 may be used as a vehicle to test procedural deficiencies in securing a lien. The authority granted by section 3263 does not contemplate the invoking of this statute to challenge service of process. The lien remains in full force and effect.

The entry, therefore, is:

Order of release vacated.

Remanded for dismissal of the petition to release the lien and for further proceedings consistent with the opinion herein.

All concurring.

