[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#149)
ISSUE
Should summary judgment be granted as to a defendant who is not a party to a surety bond, in an action on the surety bond.
This began as an action brought by Mario Orgera, Inc., to foreclose a mechanics' lien. The real property owner is Stamford Towers Limited Partnership; Gilbane Building Company, (Gilbane) was the construction manager of the building project; Felix Equities, Inc. was the concrete subcontractor, and the plaintiff, Mario Orgera, supplied concrete to Felix Equities for the project. Mario Orgera, Inc. alleged in its amended CT Page 5655 complaint that it recorded a mechanics' lien in the amount of $1,357,750.03 on the Stamford Land Records against said real property and further alleged that defendant Felix Equities posted a surety bond in the same amount, substituting the bond for the mechanics' lien. Mario Orgera, Inc. elected to proceed on the surety bond. (Amended Complaint, paragraphs 13 and 15).
Gilbane is a defendant in the instant action. Gilbane filed its answer to the amended complaint, thus closing the pleadings as between Mario Orgera and Gilbane. Gilbane now moves for summary judgment on the ground that since a surety bond has been substituted for the mechanics' lien, foreclosure against Gilbane can no longer proceed; Gilbane is neither an owner, lienor or bonding company and therefore not a proper party to the action.
Both parties filed memoranda of law. Gilbane supported its motion with a copy of the surety bond and with a copy of Mario Orgera v. Stamford Towners Limited Partnership, 2 Conn. L. Reptr. 605, (1990) wherein the court, Lewis, J., granted defendant Stamford Towers Limited Partnership's motion to strike the complaint as to it. (When a bond is substituted for a mechanic's lien pursuant to Conn. Gen. Stat. 49-37a, the property owner should be dismissed as a defendant in an action to foreclose the lien.).
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384 (1990). Zichini v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Nolan v. Borkowski,206 Conn. 495, 500 (1988). Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. (citation omitted). Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516
(1978). "It is only after the movant has met this burden, that the opponent bears the burden of presenting facts which contradict those offered by the movant." Citizens National Bank v. Hubney, 182 Conn. 310, 311 (1980).
The movant, Gilbane, argues that since Felix Equities and The Hartford Fire Insurance Co. posted a bond in substitution for the mechanics' lien, Gilbane is not a proper party in a suit on the bond, and should be dropped as a party. Gilbane relies on a line of cases from the Florida and Georgia courts wherein defendants not a party to a surety bond were dismissed from the CT Page 5656 cases. It also relies on Mario Orgera v. Stamford Towers Limited Partnership, 2 Conn. L. Reptr. 605 (1990), noted above.
The plaintiff argues in its memorandum in opposition that "the terms of the surety bond provide that the bond is only as good as the mechanic's lien underlying it may prove to be," and that if all the parties to the contract were necessary for the mechanics' lien foreclosure, they are also necessary in the action brought under the bond. The plaintiff has not provided the court with any authority for this proposition, nor has it supported its memorandum with an affidavit.
Our Supreme Court said:
 A reading of the pertinent statutes reveals that the legislative intent in enacting both 8(a) and its predecessor 49-37 was to enable the owner or other person having an interest in the property to obtain release of the mechanic's lien so long as the lienor's rights are not thereby prejudiced. The lienor's rights are considered adequately protected if the landowner demonstrates a good-faith intention to contest the lien and substitutes a bond with surety in its place. . .the statutory provisions are. . . intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien.
Six Carpenters, Inc. v. Beach Carpenters Corporation, 172 Conn. 1,6 (1976). The lien continues to be asserted as the underlying basis for the substituted bond. Id. at 7.
It is found that dismissing Gilbane as a party defendant will not prejudice plaintiff Mario Orgera.
Gilbane has offered evidence showing that it is no longer a proper party, and that Mario Orgera is fully covered by a surety bond in the full amount of its mechanics' lien. Plaintiff has not asserted that a genuine issue of material fact remains between these parties nor does such a fact exist. Accordingly, Gilbane's motion for summary judgment is granted.
KARAZIN, J.