[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On July 1, 1991 the plaintiff H.C. Tedford Associates filed a complaint against the defendants 1718 Boston Post Road Limited Partnership, City Trust, New Connecticut Bank and Trust and Preston CT Page 6529-H Trucking Company, Inc. The history of this case is as follows: On May 29, 1991, prior to the commencement of the instant action, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the New Connecticut Bank and Trust Company, N.A. instituted a mortgage foreclosure action on a parcel of property known as 1718 Boston Post Road, Milford, Connecticut. The named defendants in that action were the 1718 Boston Post Road Limited Partnership, Robert DiNardo, Sr., Robert DiNardo, Jr., Citytrust, Preston Trucking Company, Inc., and H.C. Tedford Associates (the plaintiff in the instant action).
The defendant Tedford, who claimed an interest in the subject property by virtue of a mechanic's lien, filed its answer, special defenses and counterclaim in the mortgage foreclosure action on October 14, 1991. However, on May 11, 1992, upon application of the FDIC, the court ordered the dissolution of the mechanic's lien by substitution of a bond pursuant to Connecticut General Statutes 49-37.
On September 14, 1992, the FDIC filed a withdrawal of the mortgage foreclosure action as to defendants Tedford and Preston Trucking Company, Inc. Further, on October 7, 1992, the FDIC as CT Page 6529-I receiver took title to the property through strict foreclosure; and on October 13, 1992, the FDIC sold the property to a third party pursuant to a quit claim deed. On November 23, 1992, the court granted the FDIC's motion for deficiency judgment to the extent that the fair market value of the property was found to be $1,275,000.00. In addition, the court noted that "by agreement, a deficiency of $1,000,000.00 [is] found as a joint and several liability of Robert DiNardo, Jr., Robert DiNardo, Sr. and Frank DiNardo, Jr."
As stated above, on June 26, 1991, Tedford commenced the instant action to foreclose its mechanic's lien against the aforementioned defendants. The defendant FDIC, as receiver for the New Connecticut Bank and Trust, N.A., filed its answer and special defenses on November 6, 1991. On May 28, 1992, the defendant FDIC filed a motion to dismiss which was denied by the court on January 19, 1993. On April 15, 1993, the defendant FDIC filed a motion for summary judgment. The defendant also filed a memorandum and four exhibits in support of its motion. The plaintiff Tedford filed an objection to the defendant's motion for summary judgment. CT Page 6529-J
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted). Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). A summary judgment motion "is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." (Citation omitted.) Mac's Car City v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302 (1987). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Gurliacci v. Mayer, 218 Conn. 531, 561, 590 A.2d 14
(1991). In deciding a summary judgment motion "the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.)Connecticut Bank Trust Co. v. Carriage CT Page 6529-K Lane Assoc., 219 Conn. 772, 595 A.2d 334 (1991).
In its memorandum in support of its motion for summary judgment, the FDIC asserts that the plaintiff cannot proceed with its action as it is presently framed. Instead, the FDIC maintains that the plaintiff must amend his complaint to sue on the bond, naming as parties the bonding company and owner of the property who originally hired the plaintiff. The FDIC also contends that in its role as a receiver it has no interest in the property, has no contractual relationship with the lienor, and should not be a party to the action. Therefore, the FDIC concludes that its motion for summary judgment should be granted.
Plaintiff in its memorandum in opposition to the FDIC's motion for summary judgment claims that its mechanic's lien was not dissolved in accordance with the provisions of Connecticut General Statutes 49-37(a), and therefore, the lien still exists. Connecticut General Statutes 49-37(a) states, in pertinent part, that:
 If the judge is satisfied that the applicant in good faith intends to contest the lien, he shall, if the applicant offers a bond, with CT Page 6529-L sufficient surety, conditioned to pay the lien or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs, order the lien to be dissolved and such bond substituted for the lien, and shall return the application, notice, order and bond to the clerk of the superior court for the judicial district wherein the lien is recorded; and, if the applicant within ten days from such return, causes a copy of the order, certified by the clerk, to be recorded in the town clerk's office where the lien is recorded the lien shall be dissolved. (Emphasis added.)
Specifically, the plaintiff maintains that the FDIC did not, within ten days of the return of the application for dissolution, cause a copy of the May 11, 1992 order from its prior action, certified by the clerk, to be recorded in the town clerk's office. Instead, plaintiff contends that because such order was not received for record until August 13, 1992, well after the ten day period had elapsed, the plaintiffs lien was never actually dissolved.
The Supreme Court has "recognized the remedial intent of the law governing a mechanic's lien, which is the creature of a statute, and [the court has] consistently construed the statute `so as to CT Page 6529-M reasonably and fairly carry out its remedial intent.'" (Citation omitted.) Raab Connecticut Inc. v. J.W. Fisher Co., 183 Conn. 108,115, 438 A.2d 834 (1981). Further, "[a]n examination of the pertinent statutes in [the Connecticut] statutory scheme indicates that the legislative intent in enacting 49-37(a), was to enable the owner or any person `interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so." Id.; see also Six Carpenters Inc. v. Beach Carpenters Corp., 172 Conn. 1, 6, 372 A.2d 123 (1976) ("The lienor's rights are considered adequately protected if the landowner demonstrates a good faith intention to contest the lien and substitutes a bond with surety in its place.").
The ten day limitation denoted in 49-37(a) should be construed as a directory, not mandatory, requirement by the court. In the present case the legislative policy behind the enactment of 49-37(a), to enable the owner or any person interested in the property to obtain a dissolution of the mechanic's lien as long as the lienor's rights are not prejudiced, has been fulfilled. The necessary protections are in place so that the plaintiff's rights will not be prejudiced by the dissolution of the plaintiff's mechanic's lien. The court concludes the CT Page 6529-N plaintiff's mechanic's lien has been properly dissolved in accordance with 49-37.
Plaintiff's second argument in opposition to the FDIC's motion for summary judgment is that even if the court concludes that plaintiff's mechanic's lien was properly dissolved in the FDIC's prior action, the FDIC remains a necessary party to the plaintiff's instant action on the substituted bond. The FDIC contends that as a receiver, it has no interest in the property being foreclosed on, and is not a proper party to the instant action. The Supreme Court has held that:
 A reading of the pertinent statutes reveals that the legislative intent in enacting . . . 49-37 was to enable the owner or other person having an interest in the property to obtain release of the mechanic's lien so long as the lienor's rights are not thereby prejudiced. The lienor's rights are considered adequately protected if the landowner demonstrates a good-faith intention to contest the lien and substitutes a bond with surety in its place. Thus, while the statutory provisions are designed to facilitate the transfer of the property by dissolution of the lien, they are also intended to ensure the continued existence CT Page 6529-O of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien.
Six Carpenters, Inc. v. Beach Carpenters Corporation, 172 Conn. 1, 6,372 A.2d 123 (1976). The necessary precautions discussed in Six Carpenters have already been taken in the FDIC's preceding action. In its May 11, 1992, order dissolving the lien, the court in the FDIC's mortgage foreclosure action stated that: "[T]he Court having found that the applicant in good faith intends to contest the lien, and the applicant's bond, with sufficient surety, conditioned to pay the lien or his assigns, the sum of Fifty Thousand . . . Dollars representing the amount of the claim lien . . . HEREBY ORDER[S] that the Mechanic's Lien filed by [the plaintiff] be dissolved and such bond be substituted for said lien." (See Defendant's Motion for Summary Judgment, Exhibit A.) Therefore, the statutory provisions, intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien, have been satisfied.
Furthermore: "[O]nce a bond has been substituted for a mechanic's CT Page 6529-P lien . . . the process of switching over to a suit on the bond may be simple, but the situation becomes complicated in the likely event that there are other parties to the foreclosure. Since the only proper parties to a suit on the bond are the lienor, the owner and the bonding company, all other previously cited Parties must be dropped."
(Emphasis added.) D. Caron, Connecticut Foreclosures, 13.07A. Here, the FDIC is not the lienor, the property owner or the bonding company. As a result, the FDIC should be dropped from the suit.
Accordingly, because the FDIC is not a proper party-defendant in the present action, the FDIC's motion for summary judgment is granted.
Curran, J.