[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Atlantic Pipe Corporation ("Atlantic Pipe") has brought an action in three counts against Quadrangle Limited Partnership ("Quadrangle"). Schnip Building Company ("Schnip"), and Seaboard Surety Company ("Seaboard").
The first count seeks to foreclose a mechanic's lien on property owned by Quadrangle. The second count seeks damages, interest and attorney's fees for breach of contract. In the third count the plaintiff alleges that the mechanic's lien in question was released in consideration of the substitution of a bond on which Quadrangle was the principal and Seaboard was the Surety.
The court finds that Atlantic Pipe and Schnip entered into a contract under the terms of which Atlantic Pipe agreed to supply material and perform services in connection with the erection of a retaining wall on the property of Quadrangle. Atlantic Pipe supplied the materials and performed the services called for in the agreement commencing on June 30, 1986 and ending of July 14, 1986. Atlantic Pipe billed Schnip in the total amount of $115,592.57 and timely and properly filed a mechanic's lien for that amount. On September 14, 1988 Quadrangle substituted a bond in the amount of $115,592.57 in consideration for the release of the plaintiff's mechanic's lien pursuant to Connecticut General Statutes Section 49-37. The court finds that the reasonable value of the materials supplied and services performed by Atlantic Pipe is $115,592.57 and awards Atlantic Pipe that amount as damages.
The contract between Schnip and Atlantic Pipe provides in pertinent part:
 [T]here will be a finance charge at the rate of 1.5% per month on all balances over 30 days old. Customer agrees to pay reasonable attorneys fees in the event that any balance due after default is referred to an attorney of collection. CT Page 9167
Based on the foregoing language Atlantic Pipe is entitled to recover its reasonable attorneys fees against Schnip. The attorneys fees incurred by Atlantic Pipe are largely attributable to its defense of a multiple count counterclaim brought by the defendants wherein the defendants claimed that Atlantic Pipe breached its contract with Schnip, breached various warranties, and negligently performed the contract with Schnip.
The counterclaim and a third-party complaint filed by the defendants transformed a relatively straight forward mechanic's lien foreclosure and contract action into a protracted, tortuous thicket which spanned six years and ultimately required the presence of Atlantic Pipe's attorneys in court for more than a month for jury selection and trial of the counterclaim. Moreover, after causing Atlantic Pipe such protracted delay and legal fee expenditure, the defendants failed to produce any evidence that Atlantic Pipe was negligent or failed to perform under the contract in any way.
Having dragged Atlantic Pipe into a quagmire of litigation, the defendants now argue that Atlantic Pipe is not entitled to recover legal fees it incurred in defending against the groundless counterclaim.
Where a party with a contractual right to recover legal fees must incur attorney's fees to preserve his contractual rights and interest, he may recover those legal fees as damages. Fullerton v. McGowan, 6 Conn. App. 624, 631,507 A.2d 473 (1986). In Fullerton the plaintiff sought specific performance of a contract to sell real estate. After he commenced his action, he incurred attorney's fees in defending a foreclosure action against the real estate. The court held that those fees were properly included in the damage award.
In Mechanics Savings Bank v. Tucker, 178 Conn. 640, 647-648,425 A.2d 124 (1979) the plaintiff in a foreclosure action was awarded the legal fees it incurred in defending against an antitrust action filed against it by the defendant and in participation in bankruptcy proceedings.
The counterclaim contained allegations which, if proved, would have diminished, or extinguished, Atlantic Pipe's right of recovery on the contract with Schnip and against the property of Quadrangle. Therefore, the reasonable attorney's CT Page 9168 fees incurred by Atlantic Pipe in defending against the counterclaim are a proper element of damage against Schnip. The court finds that the attorney's fees claimed by Atlantic Pipe are reasonable and awards it $120,201 against Schnip.
The court also awards Atlantic Pipe the amount of $149,115, which is the amount of the finance charge on the unpaid balance pursuant to the contract between Atlantic Pipe and Schnip.
On March 5, 1991, Atlantic Pipe filed an offer of judgment in the amount of $250,000 against the defendants. Section 52-192a(a) of the Connecticut General Statutes provides:
 After commencement of any civil action based upon contract or seeking the recovery of money damages . . . the plaintiff may, before trial, file with the clerk of the court a written "offer of judgment" signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulated to a judgment for a sum certain. After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated on his "offer of judgment", the court shall add to the amount so recovered twelve per dent annual interest on said amount . . . In . . . actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the date of filing of the complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the CT Page 9169 interest shall be computed from the date the "offer of judgment" was filed.
Count Two of the complaint seeks money damages from Schnip. The amount recovered by Atlantic Pipe in this action exceeds $250,000. Therefore, the court awards Atlantic Pipe interest at the rate of 12% from March 15, 1991, $120,320.85.
The plaintiff also seeks to recover the amount of $115,592 from Seaboard, the surety on the bond which the parties agreed to substitute in consideration of the release of the mechanic's lien. The liability of principal and surety on a bond which has been substituted for a mechanic's lien depends on the validity of the lien. Six Carpenters, Inc. v. Beach Carpenters Corporation, 172 Conn. 1, 7, 372 A.2d 123
(1976). The court finds that Atlantic Pipe's mechanic's lien was valid and that Atlantic Pipe proved that $115,592 was due pursuant to that lien against the property of Quadrangle. Therefore, Atlantic Pipe may recover the amount of $115,592 from Seaboard pursuant to the bond.
Seaboard has contested its liability for statutory interest on the bond for the reason that the bond does not contain any provision for interest. This court is not aware of any case law which addresses the issue of whether a mechanic's lienor may recover interest on a bond substituted for a mechanic's lien. Therefore, it is necessary to examine the relevant statutes, case law on surety bonds in general, and the language of the bond itself.
Section 49-37 of the Connecticut General Statutes provides in pertinent part:
 (a) Whenever any mechanic's lien has been placed upon any real estate . . . . the owner of the real estate . . . may make an application to any judge of the superior court that the lien be dissolved upon the substitution of a bond with surety . . . . If the judge is satisfied that the applicant in good fait intends to contest the lien, he shall, if the applicant offers a bond, with sufficient surety, conditioned to pay the lienor, such amount as a court of competent jurisdiction may adjudge to CT Page 9170 have been secured by the lien, with interest and costs, order the lien to be dissolved and such bond substituted for the lien . . . (emphasis added).
The bond in question is entitled "Release of Mechanic's Lien Bond" and provides that Quadrangle and Seaboard are jointly and severally liable in the sum of $115,592.57 for all judgments rendered against Quadrangle's property in favor of Atlantic Pipe on the mechanic's lien. It recites the date of the mechanic's lien, October 6, 1986, and the volume and page of the land records in which the lien was recorded. It further states:
 Whereas, Quadrangle Limited Partnership, seeks to discharge said lien pursuant to Connecticut General Statutes Section 49-37.
The plaintiff argues that the language of 49-37, which requires that a mechanic's lien bond secure interest and costs, should be read into the bond at issue. Notwithstanding the language from the bond set forth above, Seaboard argues that the bond was not substituted for the lien pursuant to the provisions of 49-37, but was done by agreement of the parties on a voluntary basis and, therefore, the provisions of 49-37
do not apply to the bond.
In Six Carpenters, Inc. v. Beach Carpenters Corporation, supra, the lienor claimed that where the parties agreed to substitute a bond for a mechanic's lien without court intervention, that the principal and surety on the bond could not move to modify or reduce the bond under 49-37(b) because the bond had not been substituted for the lien pursuant to49-37(a). The Court held that the provisions of 49-37
applied to the bond, whether it was ordered substituted by the Court, or voluntarily substituted for the lien by agreement of the parties. The Court stated:
 The construction urged by the [lienor] would discourage the substitution of bonds by agreement because of a fear of waiving defenses to the underlying lien. Moreover, it would lead to public mischief by compelling CT Page 9171 judicial intervention when not needed nor desired.
In this case the construction urged by Seaboard would discourage lienors from agreeing to substitute bonds for liens because of a fear of waiving rights under the lien. This would also encourage needless resort to the courts and would contravene the legislative intent of 49-37 to enable the owner of property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced. Henry F. Raab Construction, Inc. v. J.W. Fosher Co., 183 Conn. 108,115, 438 A.2d 838 (1981); Six Carpenters, Inc. v. Beach Carpenters Corporation, supra, at p. 6.
Reading the interest and cost provisions of 49-37 into the bond is also warranted under International Harvester Co. v. L. G. DeFelice Sons, Inc., 151 Conn. 325, 333,197 A.2d 638 (1964); New Britain Lumber Co. v. American Surety Co.,113 Conn. 1, 6 154 A. 147 (1931), which provide that where a statutory bond is given, the provisions of the statute are read into the bond so that it is immaterial that the bond varies from the wording of the statute.
The provisions of 49-37 which require that a mechanic's lien bond include payment of interest and costs must be read into the present bond and, therefore, Seaboard is liable to the plaintiff for statutory interest in the amount of $83,655.60 and costs provided by statute.[1]
Atlantic Pipe also seeks to recover $115,592, statutory interest and attorney's fees from Quadrangle. Quadrangle denies that it is liable in any amount because Atlantic Pipe's demand for relief in its amended complaint of January 4, 1989, seeks no damages or attorney's fees from Quadrangle. However, the Stipulation of Facts dated January 27, 1993 and executed by all parties to this action provides:
 12. [Atlantic Pipe Corporation] has made demand on Schnip, Quadrangle and Seaboard for the payment of the $115,592.57 in principal claimed to be due and owing [Atlantic Pipe Corporation] in addition to accrued interest and attorney's fees pursuant to the Agreement. CT Page 9172
This court assumes that the variation between the demand for relief and the Stipulation is attributable to the nature of this action against Quadrangle. The first count of the complaint seeks to foreclose the lien on Quadrangle's property. Such an action is not one for damages. This may explain the plaintiff's failure to include a damage claim as to Quadrangle in its claim for relief. However, by virtue of the substitution of the bond for the lien, Quadrangle's liability as owner of the property subject to foreclosure changed to liability as a principal under the bond. As such, Quadrangle is jointly and severally liable with Seaboard under the bond and the court awards Atlantic Pipe the following amounts as to Quadrangle for the same reasons they were awarded against Seaboard: $115,592.57 in principal damages and $83,655.60 as statutory interest as well as costs recoverable by statute.
Atlantic Pipe cannot recover attorney's fees against Quadrangle because the bond does not provide for attorney's fees and there is nothing in 49-37 which requires the parties to a mechanic's lien bond to pay attorney's fees. Atlantic Pipe has argued that A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 15-16 A.2d 142 (1989) provides for the award of attorney's fees in mechanic's lien foreclosures. To the extent that argument is correct, it fails to recognize the difference between the award of attorney's fees in a foreclosure and the award of attorney's fees as damages on a bond.
In a mechanic's lien foreclosure action where there is no underlying obligation by the landowner to pay attorney's fees, such as this action, then any attorney's fees awarded are, in effect, only recoverable to the extent of the value of the liened property because a mechanic's lien is a claim on the land only. Section 49-33(b). Where a lien is substituted for a bond, the extent of the owner's liability becomes the amount of the bond plus interest and costs under 49-37. The court has awarded Atlantic Pipe the entire amount of the surety bond plus interest and costs. Attorney's fees cannot properly be awarded against Quadrangle on the bond because the amount of the bond, which is the limit of Quadrangle's liability, is insufficient to pay them.
By the Court CT Page 9173
Aurigemma, J.