[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT-APPELLANT'S MOTION FORDISSOLUTION OF MECHANIC'S LIEN BY SUBSTITUTION OF BOND
Betar Quatrella Hendrie for plaintiff.
Ehrsam Kennedy for defendant.
The issue before the court is whether the defendant/appellant UST Bank/Connecticut can substitute a bond in lieu of a Mechanic's Lien in favor of the plaintiff/appellee pursuant to General Statutes § 49-37 after a judgment of strict foreclosure and while the appeal is pending. The plaintiff Anthony Julian Railroad Construction Co., Inc, provided labor, material and supplies in the development and improvement of a 63 lot subdivision located in Milford, Connecticut. The subdivision property was owned by the defendant partnerships, Mary Ellen Drive Associates and T-K-P Associates. On April 26, 1989 plaintiff caused a Certificate of Mechanic's Lien to be filed claiming $400,164.00 due and owing.
Thereafter, plaintiff commenced an action to foreclose its mechanic's lien and defendant UST Bank Connecticut ("UST") was named a party defendant by virtue of its $2,920,000.00 mortgage on the property. The trial court, Mancini, J., determined that the Mechanic's Lien was valid and prior in right to UST's mortgage, and on January 3, 1994, the court entered a judgment of strict foreclosure.
UST has appealed from the judgment of strict foreclosure, claiming that the mechanic's lien is not valid, or if valid, is not prior to UST's mortgage. It seeks now to substitute a surety bond for the mechanic's lien of record in the face of plaintiff's objection.
Section 49-37 of the Connecticut General Statutes provides, in relevant part that:
 (a) Whenever any mechanic's lien has been placed upon any real estate pursuant to sections 49-33, 49-34 and 49-35, the owner of CT Page 8183 that real estate, or any person interested in it, may make application to any judge of the superior court that the lien be dissolved upon the substitution of a bond with surety, and the judge shall order reasonable notice to be given to the lienor of the application. . . . If such judge is satisfied that the, applicant in good faith intends to contest such lien, he shall, if the applicant offers a bond, with sufficient surety, . . . . order such lien to be dissolved and such bond substituted therefore. . . . Whenever a bond has been substituted for any lien, pursuant to this section, unless an action is brought to recover upon such bond within one year from the date of recording the certificate of lien, such bond shall be void.
A reading of § 49-37 indicates that the legislative intent was to enable the owner or any person `interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so. SixCarpenters, Inc. v. Beach Carpenters Corporation, 172 Conn. 1,6, 372 A.2d 123, (1976). The court is mindful of Judge Blue's decision in Coble v. Maloney No. 08943. 8 Conn. L. Rptr. No. 4, 136 (1993) where the court held that a prejudgment remedy pursuant to § 52-278a may be granted after an appeal has been taken from the trial court judgment. Nevertheless, the court believes that it must be guided by the language of now Chief Justice Peters, writing for a unanimous court inHartford Electric Light Co. v. Tucker, 183 Conn. 85,89-90 (1981):
 "While a putative debtor may have a constitutionally protected right to substitute a bond for a lien, before there has been a judgment against him, he has no such right, under the cases and the statutes after there has been a judgment, upon a hearing, affirming his indebtedness. Our statutes permitting dissolution of a lien upon substitution of a bond are addressed, as were the statutes involved in the Supreme Court cases, to Prejudgment liens. See General Statutes § 52-304 (attachment of lien) and 49-37 (mechanic's CT Page 8184 lien)". (Emphasis in the original).
In the instant case judgment was entered by the court on January 3, 1994 (Mancini, J.). Defendant/Appellant's Motion to Substitute Bond was filed on May 17, 1994. The court believes that much is to be gained by maintaining the status quo pending final hearing of this case on appeal.
Therefore, the Motion of Defendant/Appellant to Substitute a Surety Bond for Mechanic's Lien is denied.
SKOLNICK, J.