STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-2022-141

MAINE COASTAL
DEVELOPMENT, LLC,

      Plaintiff,

v.

TODD LALUMIERE, LISA
LALUMIERE, TODD P.
LALUMIERE REVOCABLE TRUST,
and LISA H. LALUMIERE
REVOCABLE TRUST,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANTS'
MOTION TO DISMISS**

Before the Court is Defendants Todd Lalumiere, Lisa Lalumiere, Todd P. Lalumiere Revocable Trust, and Lisa H. Lalumiere Revocable Trust's (collectively, "Defendants" or "the Lalumieres") Motion to Dismiss. For the following reasons, the Court grants the motion in part and orders the parties to arbitrate their dispute.

## I.    Facts

This case arises from a home construction contract ("the Contract") between Todd and Lisa Lalumiere and Plaintiff Maine Coastal Development, LLC ("MCD") for construction of a home and pool house in Yarmouth, Cumberland County, Maine. (Pl.'s Compl. ¶ 1.) MCD alleges that the Lalumieres owe $96,277.26 for labor and services performed and materials and equipment furnished pursuant to the Contract. (Pl.'s Compl. ¶ 7.) Section 12 of the Contract reads:

> Any controversy or claim arising out of or relating to this Contract or its alleged breach, which cannot be resolved by mutual agreement, shall be settled by arbitration in accordance with Construction Industry Rules of the American Arbitration Association in effect on the date of the Contract, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

REC'D CUMB CLERKS OFC
JUN 8 '23 AM8:19

(Defs.' Ex. A.)[1]

On October 25, 2022, MCD filed a Notice of Lien Claim in the Cumberland County Registry of Deeds. (Pl.'s Compl. ¶ 19.) MCD filed the Complaint with this Court on November 30, 2022. The Lalumieres filed the pending motion on March 31, 2023.

## II. Discussion

The Lalumieres seek dismissal of MCD's Complaint for lack of subject matter jurisdiction, on the basis that the action is time barred under 10 M.R.S. § 3255, and for failure to comply with Maine Rule of Civil Procedure 3. In the alternative, the Lalumieres request that the Court order the parties to arbitrate this dispute and permit them to post a bond as substitute security for MCD's lien.

### A. Timeliness under 10 M.R.S. § 3255

The Lalumieres argue, first, that MCD's Complaint is time-barred under 10 M.R.S. § 3255 because MCD failed to file an action to enforce the lien within 120 days of the last labor or services performed at the Lalumieres' property. 10 M.R.S. § 3255 provides:

> The liens mentioned in sections 3251 to 3254 may be preserved and enforced by action against the debtor and owner of the property affected and all other parties interested therein, filed with the Superior Court or District Court clerk in the county or division where the house, building or appurtenances, wharf, pier or building thereon on which a lien is claimed is situated within 120 days after the last of the labor or services are performed or labor, materials or services are so furnished, except as provided in section 3256.

"The statute of limitations is an affirmative defense. Unless it is clear on the face of the complaint that the action is barred by the relevant statute of limitations, dismissal on limitations grounds is improper." *Packgen, Inc. v. Bernstein*, 2019 ME 90, ¶ 17, 209 A.3d 116 (quoting *Jackson v. Borkowski*, 627 A.2d 1010, 1013 (Me. 1993)).

---

[1] The Court may consider documents central to the plaintiff's claim when their authenticity is not challenged without converting a motion to dismiss to a motion for summary judgment. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

MCD's Complaint alleges that the last day labor was performed was August 2, 2022. (Pl.'s Compl. ¶ 19.) This action was commenced by the filing of the Complaint on November 30, 2022—exactly 120 days after August 2. Although the Lalumieres have disputed this allegation by introducing affidavits averring that MCD last performed work on July 27, 2022, this factual dispute may not be resolved on a motion to dismiss. The Court will not rule at this time that MCD's action is time-barred.

### B. Maine Rule of Civil Procedure 3

Maine Rule of Civil Procedure 3 provides that when a civil action is commenced by the filing of a complaint with the court, "the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice . . . ."

Rule 3 does not mandate dismissal if return of service is filed outside of the ninety-day window. *See Maguire Constr., Inc. v. Forster*, 2006 ME 112, ¶ 10, 905 A.2d 813. MCD attributes the delay to settlement negotiations and a desire to avoid prematurely shifting the discussion to litigation, as well as the Lalumieres' change of counsel shortly before expiration of the ninety-day window. The delay is not so unreasonable as to justify dismissal on that basis alone. The Lalumieres do not dispute that they have been served. Therefore, the Court will not dismiss this action pursuant to Rule 3.

### C. Arbitration

There is apparently no dispute that the terms of the Contract mandate arbitration of the parties' respective claims. (Defs.' Mot. Dismiss at 13; Pl.'s Opp'n at 7-8.) After review of the Contract, the Court agrees. Accordingly, the Court will order the parties to arbitrate their claims. *See* 14 M.R.S. §§ 5927-5949 (2023); *Snow v. Bernstein*, 2017 ME 239, ¶ 10, 176 A.3d 729 ("Given the 'Maine legislature's strong policy favoring arbitration,' courts will ordinarily enforce arbitration agreements 'if the parties have generally agreed

to arbitrate disputes and if the party seeking arbitration is making a claim which, on its face, is governed [by the contract].'" (alteration in original) (quoting *Westbrook Sch. Comm. v. Westbrook Tchrs Ass'n*, 404 A.2d 204, 207-08 (Me. 1979))). This action will be stayed pending arbitration.

**D. Bond**

The Lalumieres ask the Court to allow the Lalumieres to file a bond to release the lien. MCD does not object to this request. (Pl.'s Opp'n at 8.) 10 M.R.S. § 3263 (2023) provides:

> Any owner of a building, wharf, pier or real estate upon which a lien is claimed may petition in writing the judge or justice of the court in which the lien action is filed setting forth the name of the lienor, the court and county or division in which the action is pending, the fact that a lien is claimed thereon under sections 3251 to 3254, the particular building, wharf, pier or real estate, and his interests therein, its value and his desire to have it released from said lien. The judge or justice shall issue a written notice which shall be served on the lienor or his attorney 10 days at least prior to the time fixed therein for a hearing. At the hearing, the judge or justice may order such owner to give bond to the lienor in such amount and with such sureties as he may approve, conditioned to pay the amount for which such lienor may be entitled to a lien as determined by the court, with his costs in the action, within 30 days after final decree or judgment. The clerk shall give the plaintiff an attested copy of the complaint and proceedings, with a certificate under seal of the court attached thereto, that such bond has been duly filed in his office. The record of such copy and certificate in the registry of deeds, in the county or district where such real estate or interest therein lies, vacates the lien.

The Law Court, interpreting § 3263 has held: "Section 3263 permits a justice or judge, upon petition by the owner of the property subject to the lien, the discretion to order or not to order the owner to substitute a bond for the lien." *LaPointe Lumber Co. v. Tanist Broad. Corp.*, 482 A.2d 1265, 1267 (Me. 1984). The statute is "designed to protect the interests of both the lienor and the owner of the property subject to the lien." *Id.*

Given the parties' agreement on this issue, the Court will order the Lalumieres to file an adequate bond with the Clerk. Upon submission of a bond and recording of the

certificate to be issued by the Clerk, the lien will be released by operation of 10 M.R.S. § 3263.

## III. Conclusion

For the foregoing reasons, the Lalumieres' motion is granted in part and this matter will be stayed pending arbitration.

The entry is:

Defendants' Motion to Dismiss is GRANTED IN PART, as follows:

1. Pursuant to 10 M.R.S. § 3263, Defendants are ORDERED to file a bond with the Clerk, conditioned to pay up to $96,277.26 plus costs and interest within thirty days after final decree or judgment, to serve as substitute security for Plaintiff's Notice of Lien Claim recorded at the Cumberland County Registry of Deeds in Book 39804, Page 343;

2. The parties are ORDERED to arbitrate their claims pursuant to the terms of their contract; and

3. This matter is stayed pending arbitration.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _June 7, 2023_

MaryGay Kennedy, Justice
Maine Superior Court