HENRY F. RAAB CONNECTICUT, INC. *v.* J. W. FISHER COMPANY

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued December 9, 1980—decision released February 10, 1981

*Richard E. MacLean*, with whom, on the brief, were *James M. Gartland* and *Douglas C. Mintz*, for the appellant (defendant).

*Gordon R. Erickson*, for the appellee (plaintiff).

ARTHUR H. HEALEY, J. This is an appeal from the trial court's granting of an application brought under General Statutes § 49-37[1] ordering the dissolution of a mechanic's lien upon the substitution of a surety bond.

---

[1] General Statutes § 49-37 provides in part: "(a) Whenever any mechanic's lien has been placed upon any real estate pursuant to sections 49-33, 49-34, and 49-35, the owner of such real estate, or any person interested therein, may make an application to any judge of the superior court that such lien be dissolved upon the substitution of a bond with surety, and such judge shall order reasonable notice to be given to the lienor of such application. If such lienor is not a resident of the state, such judge may order notice to be given by publication, registered or certified letter or personal service. If such judge is satisfied that the applicant in good faith intends to contest such lien, he shall, if the applicant offers a bond, with sufficient surety, conditioned to pay to the lienor or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by such lien, with interest and costs, order such lien to be dissolved and such bond substituted therefor and shall return such application, notice, order and bond to the clerk of the superior court for the judicial district wherein such lien is recorded; and, if the applicant, within ten days from such return, causes a copy of such order, certified by such clerk, to be recorded in the town clerk's office where such lien is recorded, such lien shall be dissolved. Whenever a bond is substituted for any lien after an action for the foreclosure of a lien has been commenced, the plaintiff in such foreclosure may amend his complaint, without costs, so as to make the action one upon such bond with which the plaintiff may join an action to recover upon his claim. Whenever a bond is substituted for any lien before an action for the foreclosure of the lien has been commenced, the plaintiff may join the action upon the bond with an action to recover upon his claim. Whenever a bond has been substituted for any lien, pursuant to this section, unless an action is brought to recover upon such bond within one year from the date of recording the certificate of lien, such bond shall be void. . . ."

Certain factual circumstances are necessary to set out the background of this appeal. On December 26, 1979, the defendant, J. W. Fisher Co. (Fisher), caused a mechanic's lien to be filed in the Shelton land records against real estate owned by the Bridgeport Hydraulic Company (Hydraulic). The lien was filed to secure Fisher's claim against the plaintiff, Henry F. Raab Connecticut, Inc. (Raab), for services rendered and materials furnished Raab by Fisher while Fisher was a subcontractor for Raab on Hydraulic's Trap Falls Reservoir construction project in Shelton. Turner Construction Company (Turner) was the general contractor on this project. After Fisher filed its mechanic's lien, Turner withheld $50,000 from Raab.

On January 23, 1980, Hydraulic, as owner of the liened real estate, made an application under General Statutes § 49-35a[2] to the Superior Court at Stamford for the discharge or reduction of the mechanic's lien. Raab, as well as Turner, was cited

---

[2] General Statutes § 49-35a states in part: "(a) Whenever one or more mechanic's liens is placed upon any real estate pursuant to sections 49-33, 49-34, 49-35 and 49-38, the owner of such real estate, if no action to foreclose such lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the county or judicial district in which the lien may be foreclosed under the provisions of section 52-19, or to any judge thereof, that a hearing or hearings be held to determine whether such lien or liens should be discharged or reduced. The court or judge shall thereupon order reasonable notice of such application to be given to the lienor or lienors named therein and, if the application is not made by all owners of such real estate as may appear of record, shall order reasonable notice of such application to be given to all other such owners, and shall set a date or dates for the hearing or hearings to be held thereon. If such lienor or lienors or any owner entitled to notice is not a resident of this state, such notice shall be given by personal service, registered or certified mail, publication or such other method as the court or judge shall direct. At least four days notice shall be given to such lienor, lienors or owners entitled to notice prior to the date of such hearing. . . ."

in as a party defendant in the Stamford application. On February 29, 1980, the Stamford application was denied. At that time the court overruled Hydraulic's claim that the Raab-Turner agreement waived all rights of Fisher as to mechanics' liens. Hydraulic appealed to this court from that ruling, but withdrew its appeal on April 1, 1980.

On March 10, 1980, Raab made application under General Statutes § 49-37 (a) to the Superior Court at Bridgeport for an order dissolving the mechanic's lien upon the substitution of a bond with surety. Fisher was given notice of the application and cited in as a defendant. After a hearing, the court, on March 24, 1980, granted Raab's application and entered an order dissolving the mechanic's lien upon the substitution of a bond with surety.[3] Fisher has appealed from the judgment rendered on the Bridgeport application.

On appeal Fisher claims: (1) that the Bridgeport application should have been dismissed for lack of subject matter jurisdiction because of the pendency of the Stamford matter "involving the same parties, transactions and issues of fact and law," and (2) that the Bridgeport application should have been denied because it did not comply with General Statutes § 49-37 (a) inasmuch as Raab was not a "person interested" in the real estate upon which Fisher's mechanic's lien had been placed. We cannot accept either of Fisher's claims.

The first claim of the defendant is not properly one of subject matter jurisdiction. " 'Jurisdiction

[3] The order on the Bridgeport application ordered that "the mechanic's lien be and it hereby is dissolved to the extent of $34,000.00 . . . [and] the bond in the amount of $34,000.00 be substituted for the lien to that extent."

of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong.'" (Citation omitted.) *Case* v. *Bush,* 93 Conn. 550, 552, 106 A. 822 (1919); see *E. M. Loew's Enterprises, Inc.* v. *International Alliance of Theatrical State Employees,* 127 Conn. 415, 420, 17 A.2d 525 (1941). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Although the defendant articulates its first claim as one of subject matter jurisdiction, its brief appears to recognize that there was subject matter jurisdiction. The gravamen of its claim really is, as its brief says: "[T]he pendency of a prior action between the same parties involving the same issues and transaction should preclude the [Bridgeport] court from exercising the jurisdiction it ordinarily would have over the subject matter of such an application, and for that reason the court below was incompetent to entertain the action for discharge of the mechanic's lien." We do not agree.

" 'The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious.' This is 'a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.' *Hatch* v. *Spofford,* 22 Conn. 485, 494 [1853]; *Cahill* v. *Cahill,* 76 Conn. 542, 547, 57 Atl. 284 [1904]." *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn.

388, 392, 185 A. 82 (1936); see *Zachs* v. *Public Utilities Commission,* 171 Conn. 387, 391-92, 370 A.2d 984 (1976). "The rule forbidding the second action is not, however, one 'of unbending rigor, nor of universal application, nor a principle of absolute law . . . .' *Hatch* v. *Spofford,* [supra]." *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682, 136 A. 586 (1927); see *Brochin* v. *Connecticut Importing Co.,* 137 Conn. 350, 352, 77 A.2d 336 (1950); *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, 393. The Stamford application was brought under § 49-35a and sought the reduction or discharge of the mechanic's lien. The only party who can bring an application under § 49-35a is "the owner of the real estate" and the relief available is a determination "whether the lien or liens should be discharged or reduced. . . ."

The Bridgeport application was brought under another statute, i.e., General Statutes § 49-37(a), and sought the dissolution of the mechanic's lien upon the substitution of a bond with sufficient surety. This relief is not provided by § 49-35a. Also, Raab, because it was not an "owner of the real estate" liened could not have brought the application under § 49-35a. The purposes of §§ 49-35a and 49-37(a) are separate and distinct as their language indicates. Despite the fact that the same lien is involved in both applications, the issues to be determined under an application brought under each statute are also different as this case demonstrates. Finally, in the present case, the parties to each application were not the same.[4] For these reasons, the Bridgeport application was not

---

[4] Bridgeport Hydraulic Company and Turner Construction Company were parties to the Stamford application but not to the Bridgeport application.

required to be dismissed under the "another action pending" plea in abatement rationale articulated in such cases as *Zachs* v. *Public Utilities Commission,* supra, and *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra.

Moreover, even if that approach were arguably applicable to the present circumstances, a refusal to dismiss the Bridgeport application would be proper on another ground. As we have already observed, the rule referred to in *Zachs* and *Dettenborn* forbidding the second action is not one of " 'unbending rigor, nor of universal application, nor a principle of absolute law.' " See, e.g., *Farley-Harvey Co.* v. *Madden,* supra; *Hatch* v. *Spofford,* supra. See also 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 104. Under its contract with Turner, Raab was obligated to cause any mechanic's lien filed against the land "to be satisfied, removed or discharged at its (Raab's) own expense by bond, payment or otherwise within ten (10) days from the date of the filing thereof . . . ." The contract goes on to provide that, upon Raab's failing to do so "Turner shall have the right, in addition to all other rights and remedies provided under this Agreement and other Contract Documents or by law, to cause such liens . . . to be satisfied, removed or discharged by whatever means Turner chooses, at the entire cost and expense of the Subcontractor (such cost and expense to include legal fees and disbursements)." At the time Raab brought the Bridgeport application, Turner was withholding $50,000 from Raab. Under these circumstances, where the institution and maintenance of the Bridgeport application could not be viewed as oppressive and vexatious, the rule forbidding the second action does not apply.

We next take up Fisher's claim that the Bridgeport application should have been denied because Raab was not a proper party under § 49-37(a) to bring the Bridgeport application since it was not a "person interested" in the real estate upon which Fisher's mechanic's lien had been placed. Fisher argues that Raab, as a subcontractor, even with the contract with Turner, "has no equitable or legal claim to the subject property . . . and thus has no rights which are prejudiced by an encumbrance on the title to the land." We disagree.

"We have recognized the remedial intent of the law governing a mechanic's lien, which is the creature of statute, and have consistently construed the statute 'so as to reasonably and fairly carry out its remedial intent.' *Parsons* v. *Keeney,* 98 Conn. 745, 748, 120 A. 505 [1923]; *City Lumber Co.* v. *Borsuk,* 131 Conn. 640, 645, 41 A.2d 775 [1945]." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 385, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); see also *Purcell, Inc.* v. *Libbey,* 111 Conn. 132, 136, 149 A. 225 (1930). An examination of the pertinent statutes in our statutory scheme indicates that the legislative intent in enacting § 49-37(a) was to enable the owner or any person "interested" in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so. See *Six Carpenters, Inc.* v. *Beach Carpenters Corporation,* 172 Conn. 1, 6, 372 A.2d 123 (1976). Accordingly, while the statutory provisions "are designed to facilitate the transfer of the property by dissolution of the lien, they are also intended to ensure the continued exist-

ence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien." *Six Carpenters, Inc.* v. *Beach Carpenters Corporation,* supra, 6.

The word "interested" has been defined to mean: "having a share or concern in some affair or project: liable to be affected or prejudiced." Webster, Third New International Dictionary. Under the circumstances of the present case, Raab certainly falls within the reasonable ambit of this definition. Can it be fairly said, however, that Raab properly is one "interested" in the liened property under § 49-37(a)? We conclude that this must be answered in the affirmative. By virtue of Turner's withholding monies due Raab because of Fisher's lien, Raab has a direct and present interest in the land, i.e., to endeavor to obtain the dissolution of the Fisher lien and substitute a sufficient surety bond.

The remedial character of the statutory scheme involving mechanics' liens is clear and the legislature, in furtherance of that remedial intent, has enacted § 49-37(a) to permit one who is *not* an owner directly to institute a proceeding to that end. The statutory procedure requires, however, that, on a dissolution, the lienor have a viable fund to look to for the payment of his claim. The requirement in § 49-37(a) that before such a dissolution is ordered, the judge must also be "satisfied that the applicant in good faith intends to contest such lien" contributes to assuring the attainment of the legislative purpose of this remedial legislation.[5] We

---

[5] The trial court specifically found, as General Statutes § 49-37(a) requires, that Raab, in good faith, intended to contest Fisher's mechanic's lien.

deem it fair to say that the legislature did not delineate what it meant in § 49-37(a) by "any person interested therein," i.e., in the real estate liened because it chose not to do so, since not every case within the anticipated reach of its remedial object might fall within a more precise definition. The transferability of real estate and the removal of encumbrance in titles are also advanced by the statutory scheme of § 49-37(a) and the interpretation we give in this case. The contract between Turner and Raab, Fisher's lien and the safeguards and objects of this legislation furnish a firm foundation for finding that Raab is a person "interested" in the real estate under this statute.

There is no error.

In this opinion the other judges concurred.