[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS #118
The defendants' motion to dismiss is predicated on the prior pending action doctrine.
The present action is a suit in four counts brought by plaintiffs John and Sharon Roberts. The plaintiffs allege that they contracted with defendants James and Denise Dinnis dba Prestige Construction to build an addition onto the Roberts' Cheshire home. The work was to include a "living room/dining room area, toilet, garage, stairway, exterior steps and installation of a driveway and landscaping. . . ." Amended Complaint #102, November 13, 1990, First Count, para. 2. The parties signed a contract on November 21, 1988. Complaint, Second Count, para. 1.
At some point thereafter the plaintiffs became disenchanted with the work being performed. They have appended to their complaint a list of fifty-eight alleged defects in the project as performed by the defendant, and disclosed six expert witnesses whom they say will offer testimony as to the egregious workmanship of the defendant.
By motion to dismiss (#118, February 21, 1991), the defendants Dinnis dba Prestige argue that the action by the plaintiffs Roberts is essentially duplicative of an earlier action that the contractor brought to secure some payment (on a quantum meruit basis) for the work performed before the homeowners unilaterally terminated the relationship. The earlier action is James A. Dinnis dba, et al. v. John Roberts et al., DN # 296974.
A motion to dismiss is the proper procedural vehicle for contesting the court's jurisdiction. Conn. Practice Bk. 142 (rev'd to 1978, as updated to October 1, 1989). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Conn. Practice Bk. 143.
The prior pending action rule allows the dismissal of an action that is identical (e.g., same parties, evidence or objective of the cases) to a pending action in the interests of justice and judicial economy. Halpern v. Board of Education, 196 Conn. 647, CT Page 4645 651-53 (1985). "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismiss al by the court." Solomon v. Aberman,196 Conn. 359, 382 (985) (citing Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112 (1981). The reasoning behind the rule was given in Halpern, 196 Conn. at 652-53:
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be, any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious . . .[the court] must examine the pleadings to ascertain whether the actions are virtually alike.
Id.
The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
The defendants Dinnis urge dismissal, claiming that there is no basis for maintaining the current action in view of the prior pending action.
The plaintiffs Roberts argue in effect that the prior action is all but dead at the present moment. They argue that such cases as Barrett Builders v. Miller, 215 Conn. 316 (1990), have held that quantum meruit or other extra-contractual remedies are not available to a building contractor who has executed a contract with a homeowner which does not satisfy the requirements of Conn. Gen. Stat. 20-429 (a).
The viability of the prior action is of questionable relevance to the present motion. Whatever its future prospects, the action is now pending and thus the prior pending action doctrine is applicable. Therefore, the present action is subject to dismissal.
A copy of the complaint in Dinnis v. Roberts is in the file, labeled "Exhibit A."
The ultimate goal of both the cases between these parties is similar, going to the question of who is correct about the quality of the work done by Dinnis on Roberts' house: a judicial finding either that (1) the homeowner repudiated the deal in bad faith and should be held liable in quantum meruit, or (2) that the work CT Page 4646 essayed by Prestige Contractors was so terrible that, not only should no payment be made to the contractor, but the contractor is liable in damages for the botch he made of the job and the consequential damages to the homeowners. The non-moving party has not offered any persuasive argument as to why the facts determinative of the results above described cannot be proven in the earlier action by way of claim and counterclaim. The nonmovant homeowners have merely alleged that the earlier action was barred by law, and this is not so, as the complaint alleges bad faith by the homeowners.
The prior pending action doctrine is properly invoked here and the motion to dismiss should be and is granted.
DONALD T. DORSEY, JUDGE