[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The intervening defendant moves to dismiss this zoning appeal on the basis that General Statutes 8-30g, which governs affordable housing land use appeals procedures, does not apply to applications for zone changes.
The plaintiff, Creative Development for Colchester, Inc. (hereinafter Creative), applied to the defendant, Zoning and Planning Commission (hereinafter the Commission), for a zone change from R-60 to R-30, which, according to the plaintiff, would ultimately enable the plaintiff to construct affordable housing. CT Page 8674
Under the existing Colchester zoning regulations, multi-family dwelling units are not permitted as of right in either a Rural R-60 or Urban R-30 zone, but multi-family uses are permitted in an Urban R-30 zone by special exception. In addition to allowing multi-family uses, the Urban R-30 zone permits a smaller lot size, 10,000 square feet per dwelling unit, as compared with 60,000 in a Rural R-60 zone.
On March 6, 1991, the Commission met and denied plaintiff's application. Notice of the decision was published on March 16, 1991. On March 22 and 23, the plaintiff commenced this appeal by serving a true and attested copy of the complaint with the Town Clerk and the Chairman of the Commission. On June 27, 1991, the Colchester Fish Game Club, Inc. filed a motion to intervene as party defendant, which motion was granted by the court on July 8, 1991 (per Wagner, J.).
On August 13, 1991, the intervening defendant filed the instant motion to dismiss. The motion states that the court lacks jurisdiction in that the affordable housing statute,Public Act 89-311, General Statutes 8-30g, does not apply to appeals from the denial of a zone change, which issue was briefed in the memorandum in support of the motion. On August 29, 1991, the plaintiff filed its objection and briefed the same issue, namely, whether the affordable housing statute applies to an appeal from the denial in a request for a zone change. Plaintiff's position is that this appeal is an affordable housing appeal.
A. Subject Matter Jurisdiction
The purpose of a motion to dismiss is to challenge the court's authority to hear the case before it; the instant motion challenges the court's jurisdiction over the subject matter. See Practice Book 143. Subject matter jurisdiction concerns the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Henry J. Raab Connecticut, Inc. v. J. W. Fischer Co., 183 Conn. 108,112, 438 A.2d 834 (1981).
Insofar as the instant case is concerned, the affordable housing statute, General Statutes 8-30g, does not affect the court's authority to hear appeals brought thereunder, but merely modifies certain procedures and standards of review. Notwithstanding the fact that the affordable housing statute modifies the rules of decision for land use appeals within its scope, such appeals are actually brought under the relevant sections governing zoning generally. CT Page 8675
There are two provisions in General Statutes 8-30g
which lead to the conclusion that the statute was designed to operate within the framework provided by those sections which regulate land use appeals generally. First, General Statutes8-30g(g) states that "except as otherwise provided in this section, appeals involving an affordable housing application shall proceed in conformance with the provisions of said sections 8-8, 8-9, 8-30, or 8-30a, as applicable." (Emphasis added). Thus, affordable housing applications are to proceed along the same path to superior court review as other applications to land use governing bodies, except insofar as the affordable housing section provides otherwise. Second,8-30g(e) states that "[n]othing in this section shall be deemed to preclude any right of appeal under the provisions of sections 8-8, 8-9, 8-28, 8-30, or 8-30a." (Emphasis added). Thus, even if a case is found not to be governed by the affordable housing statute, the court would nevertheless have jurisdiction over the subject matter provided that the relevant statute permitting review is satisfied. Read together, these statutes evince a legislative intent that the rights afforded by General Statutes 8-30g supplement rather than replace those which govern land use appeals generally. Although the statute would change the burden of proof, the standards of review, and other important issues, these factors are irrelevant in a motion to dismiss.
Turning, then, to applicable law, appeals from the denial of an application for a zone change are governed by General Statutes 8-8. A review of the file has uncovered no jurisdictional defects under section 8-8, and provided the plaintiff can prove that it is the owner of 5.72 acres of the approximately 8 acres involved in the Commission's decision, it will have proven that it is aggrieved. See Bossert Corp. v City of Norwalk, 157 Conn. 279, 253 A.2d 39 (1968).
The issue of whether or not this is an affordable housing appeal does not affect the court's jurisdiction to hear this appeal. There are no jurisdictional defects appearing on the face of the record.
Accordingly, the motion to dismiss is denied.
M. Hennessey, J.