[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The present matter before the court involves the defendant's motion to dismiss based on the prior pending action doctrine.
On May 21, 1992, the plaintiff, Radiology Clinics (hereinafter "plaintiff"), brought a prior pending action against the defendants, Janice D. Kollmer and Richard W. Kollmer (hereinafter "Kollmers"). Radiology Clinics v. Kollmer, Superior Court, judicial district at Middlesex, Docket No. 065559 (May 7, 1991). In that action, the plaintiff alleges that on September 12, 1991, the Kollmers were negligent in undertaking the task of removing a hornets' nest on property adjacent to Unit 4 of the Wildwood Medical Center, Middlesex Turnpike, located in Esses, Connecticut. The plaintiff alleges that the Kollmers, in utilizing a combination of flammable substances to ignite a fire to destroy the nest, caused extensive damage to the plaintiff's property when the fire spread from the nest to the surrounding commercial offices.
On June 7, 1993, the plaintiff brought the present, subsequent action against the defendant, Wildwood Medical Center Association, Inc. (hereinafter "defendant"), based on vicarious liability as principal of its agents, the Kollmers. Radiology Clinics v. Wildwood Medical Center Assoc., Inc., Superior Court, judicial district at Middlesex, Docket No. 069258 (June 7, 1993). In addition to imputed negligence, the plaintiff also alleges a count of direct negligence on the part of the defendant.
On June 15, 1993, the defendant filed the present motion to dismiss with supporting memorandum of law. The CT Page 8042 defendant argues that the prior pending action doctrine bars the present, subsequent action on the ground that the prior pending action involves the same parties and transaction or occurrence.
On June 24, 1993, the plaintiff filed its opposition to the defendant's motion to dismiss. The plaintiff argues that the plaintiff's present action against the defendant is not barred by the prior pending action doctrine where the pleading alleges direct negligence on the part of the defendant.
"The motion to dismiss . . .`admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988).
A motion to dismiss is the proper procedural device by which to raise a claim of prior pending action. Halpern v. Board of Education, 196 Conn. 647, 653, 495 A.2d 264 (1985). The doctrine of prior pending action allows the dismissal of an action pending between the same parties, which is in the same judicial district, of the same character and brought to obtain the same end or objective. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Company, 183 Conn. 108, 112, 438 A.2d 834
(1981).
The prior pending action arises out of the same transaction or occurrence that the present action is founded upon. Therefore, the prior pending action doctrine bars the present action against the defendant.
Based on the aforementioned discussion, the court grants the defendant's motion to dismiss on the ground that the prior pending action doctrine bars the present action.
It is so ordered.
HIGGINS, J.