[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM
The plaintiffs, Stephen Barberino, Sr. and Jr., who are formerly business partners with the defendants, purchased certain notes and a mortgage which they seek to foreclose in this lawsuit. The defendants have answered that the plaintiffs engaged in wrongful conduct that should equitably preclude their foreclosure. The defendants have also counterclaimed for an injunction and, among other requested relief, for damages for unfair trade practices and attorney fees.
Prior to the institution of this foreclosure action, the defendant Compounce Associates Limited Partnership had filed a lawsuit against the Barberinos alleging many of the same wrongful acts that are now included in the counterclaim.
The plaintiffs have moved to dismiss the counterclaim on CT Page 9342 the grounds that, under the doctrine of prior pending action, the two simultaneously pending actions may not coexist.
While the existence of two actions of the same character between the same parties does not truly implicate the subject matter jurisdiction of the court, Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 111-112 (1981), the second action may nevertheless be amenable to dismissal. Halpern v. Board of Education, 196 Conn. 647 (1985). This doctrine is one of justice and equity, not one of "unbending rigor, nor of universal application, nor a principle of absolute law." Hatch v. Spofford, 22 Conn. 485, 494 (1853). It is within the discretion of the court to consider "all the attending circumstances," Id., to determine whether the similar claim asserted is vexatious and oppressive or fair and just; for if the party, "by a second suit, can place his claim in a more favorable condition for obtaining redress, why should he not be permitted to do it?" Id. at 495.
Here the defendants' claims are asserted as a counterclaim in response to an action in equity filed by the plaintiffs. Furthermore, the plaintiffs admit in their brief that while many facts alleged in the counterclaim and in the complaint in the prior lawsuit overlap, they are not identical and the legal theories utilized and the relief sought are not the same.
Dismissal of the counterclaim is not appropriate under the circumstances.
The plaintiffs' Motion to Dismiss is denied.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT CT Page 9343