[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: REQUEST FOR LEAVE TO AMEND #215
On May 7, 1993, the plaintiff, H.C. Tedford Associates filed an amended complaint against Costco Wholesale Corporation ("Costco"), Stewart Tile Guaranty Company ("Stewart") and Safeco Insurance Company of America ("Safeco"). Count one of the amended complaint was a foreclosure on a mechanic's lien directed at Costco, and count two was an action on a bond directed at Stewart and Safeco.
The amended complaint alleges that the plaintiff provided surveying and engineering services for improvements to certain property located in Orange and Milford, Connecticut with an agreed upon value for such services of $41,830. The plaintiff alleges further that on July 27, 1990, the plaintiff filed a mechanic's lien on said property in the amount of $41,830. Furthermore, the plaintiff alleges in count two that on March 11, 1992, the FDIC[1], Stewart and Safeco as surety, filed an application to dissolve the plaintiff's mechanic's lien by substitution of a bond, which bond made Stewart and Safeco jointly and severally liable to the plaintiff for $50,000. The plaintiff alleges further in count two that on or about May 11, 1992, the trial court granted the application for dissolution of the mechanic's lien in lieu of the bond. On August 30, 1993, Costco moved for summary judgment on count one of the amended complaint. On December 14, 1993, the trial court granted Costco's motion for summary judgment, holding that the mechanic's lien was properly dissolved pursuant to General Statutes §49-37(a).
On May 13, 1994, the plaintiff, H.C. Tedford Associates, filed request for leave to amend its complaint dated May 5, 1993, along with a second amended complaint. The second amended complaint alleges that subsequent to the substitution of the bond for the! mechanic's lien, Costco received title to the subject property on or about October of 1992. The plaintiff alleges further in the second amended complaint that Costco has been unjustly enriched by the value of the improvements made by the plaintiff, since Costco has not provided restitution to the plaintiff for said improvements. CT Page 8780
On May 26, 1994, Costco filed an objection to the plaintiff's request for leave to amend, along with a memorandum of law, a copy of a memorandum of decision dated December 14, 1993, and a copy of plaintiff's motion to add party defendants dated April 19, 1993. On July 11, 1994, the plaintiff filed a reply to Costco's objection. On July 14, 1994, Costco filed a supplemental memorandum of law in support of its objection.
"`Whether to allow an amendment is a matter left to the sound discretion of the trial court.'" AirKaman, Inc. v. Groppo,221 Conn. 751, 766, 607 A.2d 410 (1992), quoting Falby v.Zarembski, 221 Conn. 14, 24, 602 A.2d 1 (1992). "Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id.
In Shuster v. Buckley, 5 Conn. App. 473, 500 A.2d 240 (1985), the court refused to allow the plaintiff to amend his complaint after summary judgment was granted in favor of the defendant. The court held that "[t]he trial court's refusal to allow a belated amendment to a pleading in response to the filing of a motion for summary judgment by the adverse party will be sustained unless there is clear evidence of an abuse of discretion." Id., 479. In Conference Center Ltd. v. TRC,189 Conn. 212, 455 A.2d 857 (1983), the court held that the trial court did not abuse its discretion when it refused to allow an amendment on the day a summary judgment motion was set down for a hearing.
The plaintiff argues that the summary judgment decision on December 14, 1993 related only to count one of their amended complaint and that Costco is still a party with respect to count two. Count two of the amended complaint is an action on the bond, and the plaintiff argues that since Costco is the owner of the property, Costco is a proper defendant to an action on the bond. Plaintiff relies on this court's decision in H.C. TedfordAssociates v. Federal Deposit Ins. Co., 9 Conn. L. Rptr. 503
(July 28, 1993, Curran, J.), in which the court held that since the FDIC, as receiver for the mortgagee of the licensed property, was not an owner of the property, it was not a proper party to a suit on the bond. If this decision is to be interpreted to make a person who becomes an owner of the property subsequent to the substitution of a bond for a lien on that property, a proper party to an action on the bond, then the purpose behind General Statutes § 49-37(a) has not been met. CT Page 8781
The legislative intent in enacting General Statutes §49-37(a) "was to enable the owner or any person `interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so." Henry F.Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 115,438 A.2d 834 (1981). Furthermore, the statute is "designed to facilitate the transfer of the property by dissolution of the lien." Id. Costco became an owner of the property after the bond was substituted. To allow Costco to be sued on the bond would frustrate the purpose of substituting the bond in the first place.
In Orgera v. Stamford Towers Ltd. Partnership, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 106294 (November 9, 1990, Lewis, J.), the court held that since the defendant property owner was not a party to the bond, it was no longer a party to the suit on the bond. The court reasoned that "the purpose of a surety bond such as this is to make the owner's property free and alienable, and this goal would be frustrated by permitting suit against the property owner." Id.
Costco is not a party to the action on the bond and, therefore, Costco is not a party to count two of the plaintiff's amended complaint of May 7, 1993. Therefore, the court denies the plaintiff's request for leave to amend since it was filed after summary judgment was rendered in favor of Costco.
THE COURT
CURRAN, J.