[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in her two-count complaint that the CT Page 9197 defendant committed negligent assault and battery and reckless assault and battery as the result of a flight attendant violently shoving plaintiff into her seat during a flight, thereby causing the plaintiff to sustain injury to her knees.
The defendant filed an answer in denial of these allegations and a special defense alleging the plaintiff's own negligence was the cause of any injuries she may have suffered. The defendant then moved for summary judgment on the grounds that this action was preempted by federal law, namely, the Federal Aviation Deregulation Act (FADA), and the court therefore lacked subject matter jurisdiction.
Since subject matter jurisdiction "is the power of the court to hear and determine cases of the general class to which the proceedings belong . . .," Henry F. Rabb Connecticut, Inc. v. J. W.Fisher Co., 183 Conn. 108, 111-112 (1981), "as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45 (1991). "[O]nce the question of subject matter jurisdiction is raised `[i]t must be disposed of no matter in what form it is presented.'" (Citation omitted.) Castro v. Viero. 207 Conn. 420,429 (1988).
If the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed. Upson v. State,190 Conn. 622, 624 (1983). The court can dismiss a proceeding upon its own motion where a lack of jurisdiction to entertain a particular proceeding comes to the court's notice. Park City Hospital v.Commissioner of Housing Health Care, 210 Conn. 697, 702 (1989).
Lack of subject matter jurisdiction may be raised at any time, though usually by way of a motion to dismiss. See, Practice Book § 142. The court, for purposes of this opinion, will treat the present motion as a motion to dismiss. A motion to dismiss is used to contest the court's jurisdiction. Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687 (1985). "A motion to dismiss tests inter alia, whether on the face of the record the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983).
The defendant argues in support of its motion that FADA preempts the state's right to enforce laws which relate to carriers' "rates, routes and services." Furthermore, the defendant urges the court to accept Morales v. Trans World Airlines, Inc., CT Page 9198 ___ U.S. ___, 112 S.Ct. 2031, 119 L.Ed. 157 (1992), as controlling and conclusive of the fact that the present action is preempted. The defendant claims that 14 C.F.R. § 121.317(b), 121.317(f) and121.391(d), requiring flight attendants to maintain a safe environment within the aircraft and to monitor passenger activity as it relates to safety, place the flight attendant's actions with regard to the plaintiff within the meaning of FADA.
The preemption section of FADA, 49 U.S.C. App. § 1305(a)(1), provides:
 "[No] state or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation."
The "savings clause", 49 U.S.C. App. § 1506, provides in relevant part:
 "Nothing . . . in this chapter shall in any way abridge or alter the remedies now existing at common laws or by statute, but the provisions of this chapter are in addition to such remedies."
"Section 1305 was added after Section 1506 and thus State law claims expressly pre-empted by Section 1305 are not preserved by Section 1506." (Citations omitted.) Stewart v. American Airlines,Inc., 776 F. Sup. 1194 (S.D. Tex. 1991). "Conversely, however, to the extent that a claim is not pre-empted by Section 1305, it is expressly preserved by Section 1506." (Citations omitted.) Id.
The FADA phrase "relating to rates, routes, or services," was interpreted for the first time by the United States Supreme Court in Morales, supra. Thereafter, in a case before the Fifth Circuit (passenger, struck by a case of rum, brought a tort claim alleging that the airline was negligent in allowing the case of rum to be stowed in an overhead bin), the court stated:
"In Morales, the Supreme Court held that the CT Page 9199 attempts of several state attorneys general to enforce state laws prohibiting deceptive advertising by the airlines were preempted by § 1305(a). Morales first drew upon the broad construction of the phrase `relating to' in the ERISA cases. Thus, the phrase `relating to' means `to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.' Consequently, `state enforcement action' having a connection with or reference to airline `rates, routes, or services' are preempted under section 1305.'"
(Citations omitted.) Hodges v. Delta Air Lines, Inc., 4 F.3d 350,353 (5th Cir. 1993).
The court observed that "Morales acknowledged, however, that `[s]ome state actions may affect [airline services] in too tenuous, remote, or peripheral a manner' to have preemptive effect." (Citations omitted.) Id.; also, see West v. Northwest Airlines,Inc., 995 F.2d 148, 151 (9th Cir. 1993).
In Morales, the court did not purport to preempt all state actions, explaining that the "decision does not give airlines carteblanche" to break the law. Morales v. Trans World Airlines, supra, 2040. Further, when an action presented "a borderline question", the court "express[ed] no views about where it would be appropriate to draw the line." Id.
"The Court's first task, therefore, in this case is to determine whether Plaintiff['s] claims . . . `relates to rates, routes, or services' in more than a `tenuous, remote or peripheral manner.'" In Re Air Disaster v. Northwest Airlines, 810 F. Sup. 1352,1360 (E. D. Mich. 1993) (allowed passenger tort claims alleging pilot negligence arising out of crash landing; provided analysis of other claims of negligence as related to services). "As an initial matter, the Court must determine the scope of `services' as used in § 1305(a)(1)." Morales . . . [w [which] . . . dealt with a state action relating to `rates' did not address the `scope' of `services' issue. In fact, very few reported cases address this issue." Id.
The analysis in Hodges v. Delta Air Lines, Inc., supra, 352, 354, frames the issues in this case: CT Page 9200
 "In evaluating the scope of § 1305(a) preemption, one must bear in mind its origin in the ADA, an economic deregulation statute. The Federal Aviation Act of 1958 (FAA), 72 Stat. 731, 49 U.S.C. App. et seq. (as amended), conferred on the Civil Aeronautics Board economic regulation authority over interstate air transportation. In determining that efficiency, innovation, low prices, variety, and quality would be best furthered by reliance on competitive market forces in the airline industry. Congress enacted the ADA to dismantle the pervasive federal economic regulation of the interstate airline industry . . . [and] [t]o prevent the states from frustrating the goals of federal deregulation by establishing or maintaining economic regulation of their own.
 [N]either the ADA nor its legislative history indicates that Congress intended to preempt the application of general tort law to personal injury inflicted by an airline while providing its services, or that Congress even considered such preemption. `This silence takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by such conduct. It is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct.' (quoting the Civil Aeronautics Board (CAB))."
The analysis follows a reasoned course which permits a state tort claim where there is no express preemption under § 1305 and where, if a given state action tends to affect airline services, that action is "too tenuous, remote, or peripheral . . . to have preemptive effect."
The claim before this court sounds in tort and asserts a harm for which remedies are provided by common law and statute. Neither the claim nor the available remedies relate to rates or to routes as defined by federal law. Nor is there an impact upon the CT Page 9201 "services" provided by the carrier other than, arguably, in some manner that is in fact "too tenuous, remote, or peripheral to have preemptive effect."
As noted by several writers, neither the United States Supreme Court nor Congress have even slightly expressed an intent to deprive a person of access to our courts when a tort claim is raised against an airline. Nor does there appear any valid reason for so doing.
The court finds that the instant case is not preempted by the FADA. There is subject matter jurisdiction to entertain the action and, accordingly, the defendant's motion for summary judgment is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE