[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
I.
The plaintiff in this action, Jonathan Vosburgh (hereinafter "Vosburgh"), is a resident of West Hartford and is the present owner of what is known for purposes of this case as Lot 4. Audrey Schaller (hereinafter "Schaller") is a resident of Newington and became the owner of Lot 6 (26 Ridgewood Road), on May 28, 1954. Prior to the plaintiff's coming into possession and ownership of the land in 1995, this property, Lot 4 (14 Ridgewood Road), was owned by Ms. Fieneman, who purchased a Lot 2 on August 13, 1952, and Lot 4 on December 19, 1953. All three parcels were part of a subdivision known as Dauphin Acres at the time of their purchase from the developer. When the subdivision was approved by the Town Plan Commission, on March 3, 1952, it was part of a "1st" Area District, Zone 1; a type "A" Resident Use District. Each lot complied with the zoning requirements that existed at that time. The zoning requirements affecting said lots were changed on October 1, 1954. The new zoning regulations required minimum lot sizes of 20,000 square feet, which none of the aforementioned lots contained. CT Page 694-TTT
On July 27, 1995, Ms. Fieneman sold Lot 4 to Jonathan Vosburgh. The Town issued a building permit for the construction of a single family home on that site on October 11, 1995, notwithstanding the lot's allegedly nonconforming size. It issued a Certificate of Occupancy for the same property on December 26, 1995.
By way of application for temporary restraining order with a return date of January 30, 1996, and by complaint of the same return date, Audrey Schaller commenced suit in this court against Jonathan Vosberg a/k/a Vosburgh, Town of Newington (hereinafter the "Town"), and Wayne Bell, Wayne Bell, Zoning Enforcement Officer (Docket No. 96 471251) (hereinafter the "Schaller action.") In that action, Schaller sought, inter alia, a declaratory judgment as to legality of the issuance of a building permit with respect to a certain Lot 4; a declaration that any such permit be declared null and void; a determination that any such permit was issued in violation of Section 5.1.1.B of the Newington Zoning Regulations; a writ of mandamus ordering the Town of Newington and/or its agents to issue a cease and desist order to prevent further construction on said Lot 4; a writ of mandamus ordering the Town of Newington and/or its agents to rescind any such building permit; and a permanent and/or temporary restraining order prohibiting the Town from issuing a CT Page 694-UUU certificate of occupancy for any residence constructed on said Lot 4. The Schaller action proceeded without apparent delay during February and March of 1996, but moved slowly after that point until after the present action was commenced. Recently, on February 11, 1997, Vosburgh, in his capacity as defendant in the Schaller action, filed a Motion for Summary Judgment urging the court to render a declaratory judgment in his favor. In his Memorandum of Law in Support of Motion for Summary Judgment, Vosburgh stated the issue as "[w]hether § 5.1.1 of the Newington Zoning Regulations prohibited the issuance of the building permit with respect to Lot 4 Ridgewood Road, Newington, Connecticut."
By way of complaint with a return date of November 19, 1996, Vosburgh commenced the instant action for a declaratory judgment (Docket No. 96-477085) (hereinafter the "Vosburgh action") as to "whether or not the building permit and the Certificate of Occupancy have been lawfully issued with respect to Lot 4." (Docket No. 96-477085, Jonathan Vosburgh v. Audrey Schaller etal, Plaintiff's Complaint for Declaratory Action.)
On December 20, 1996, Schaller timely filed a Motion to Dismiss the Vosburgh action arguing that dismissal was required pursuant to the prior pending action doctrine. Vosburgh filed a Memorandum of Law in Opposition to Motion to Dismiss, claiming CT Page 694-VVV that the two actions are not so alike as to require dismissal of the latter. One week later, Vosburgh filed a Motion for Summary Judgment in the Vosburgh action. In that motion, he again recited the issue as "[w]hether § 5.1.1 of the Newington Zoning Regulations prohibited the issuance of the building permit with respect to Lot 4 Ridgewood Road, Newington, Connecticut." His argument in support of the motion was substantially the same as the argument supporting his Motion for Summary Judgment in the Schaller action.
 II.
A motion to dismiss is the proper vehicle by which the issue of a prior pending action may be raised. Gaudio v. Gaudio,23 Conn. App. 287, 294, 580 A.2d 1212 (1990). Under that doctrine, "the pendency of a prior suit between the same parties brought to obtain the same result will generally render the latter suit amenable to dismissal. . . ." (Citation omitted.) Id. 295. "To determine the applicability of the doctrine, [the court] must examine the pleadings to ascertain whether the actions are virtually alike." Id. "Superficial differences in the parties are not enough to overcome dismissal under the prior pending action doctrine. . . ." (Citation omitted.) Id.
The facts of this case leave no doubt as to the CT Page 694-WWW similarities between the Schaller action and the Vosburgh action. In each case, the parties are requesting that the court interpret the Newington Zoning Regulations and apply them to largely undisputed facts. Although it appears that the Vosburgh action was intended to move the litigation along, rather than to be "oppressive and vexatious;" see Id.; Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4,, 495 A.2d 264 (1985); Henry F.Raab Connecticut. Inc. v. J. W. Fisher Co., 183 Conn. 108, 112,438 A.2d 834 (1981) and Hatch v. Spofford, 22 Conn. 485, 494
(1853); it raises claims that are nevertheless virtually identical to the claims raised in the prior pending case. The only difference in the pleadings is the absence of Wayne Bell as a defendant in the Vosburgh action. The existence or non-existence of Bell is of no consequence to Vosburgh however, since Bell is a party only to the extent that Schaller seeks to compel him, as agent of the Town of Newington, to take certain action. As to Vosburgh, the difference is superficial because in each case he seeks a determination of the legality of the already-issued permit and certificate without regard to William Bell. Finally, and most persuasive to this court, a review of the arguments set out by Vosburgh in each of his motions for summary judgment reveals that the claims and remedies sought in each are identical. Under these circumstances, it would be inefficient, unduly burdensome and of no benefit to any party to permit the Vosburgh suit to continue. Therefore, the court grants the motion CT Page 694-XXX to dismiss.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT