[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS DATED DECEMBER6, 1996
On September 12, 1994, the plaintiff, Saturn Construction Co. ("Saturn"), filed a seven count complaint against the State of Connecticut Department of Public Works, Department of Transportation, and Office of Policy and Management (collectively, the "state") seeking injunctive and declaratory relief to protect Saturn from irreparable harm occurring as a result of the state's wrongful termination of the plaintiff's contract to construct the Department of Transportation Building Complex in Newington. The action was instituted pending a final decision in arbitration proceedings brought against the state.
On October 24, 1994, the State of Connecticut moved to CT Page 8971 dismiss the plaintiff's action, including the application for a temporary and permanent injunction, on the grounds that the court lacked subject matter jurisdiction because of (1) the prior pending action doctrine, (2) the sovereign immunity doctrine, (3) the plaintiff's failure to join essential parties, and (4) the plaintiff's failure to give proper notice.
On September 5, 1995, by memorandum of decision, Judge Corradino denied the defendant's motion to dismiss, holding that (1) the prior pending action doctrine was inapplicable because this action and the plaintiff's arbitration proceedings lack identity of claims; and (2) the doctrine of sovereign immunity was unavailing to the defendant because, by enacting General Statutes § 4-61, the state has effectively consented to suit in situations where a contractor has a disputed claim with the state under a public works construction contract.
On December 6, 1996, the defendant filed this renewed motion to dismiss for lack of subject matter jurisdiction on the ground that the previous denial of the motion by Judge Corradino "rests [in] significant part on an expansive interpretation of Gen. Stat. § 4-61." and that after Judge Corradino's denial of the motion, our Supreme Court, in Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 680 (1996), rejected an expansive interpretation of General Statutes § 4-61. Furthermore, the defendant argues that the prior denial rests in part on allegations that the defendant was the cause of delays in the arbitration proceedings and that the factual situation has changed since the prior denial since the defendant can now produce affidavits tending to prove that the delays in the arbitration proceedings were caused by the plaintiff mainly because the plaintiff obtained an ex parte injunction against the American Arbitration Association, preventing the arbitration from proceeding in a timely fashion.
— I —
The issue of whether the plaintiff has delayed the administration of Saturn's arbitration claim is not relevant to a determination of whether the present motion to dismiss should be granted and this issue, raised by the defendant but not briefed, will not be addressed. Nor have the claims of improper notice or lack of essential parties been pressed, since they were addressed by Judge Corradino. CT Page 8972
— II —
Saturn's present action against the state seeks to obtain several types equitable relief and a declaratory judgment that the state's termination of Saturn's contract violated Saturn's constitutional right of due process. In the arbitration proceedings instituted by the plaintiff, as defendant concedes, Saturn seeks money damages for lost profits and for consequential damages of the alleged wrongful termination.
In addressing the state's claim based on the prior pending action rule, this court adopts the well reasoned decision by Judge Corradino denying the state's prior motion to dismiss. In his memorandum of decision dated September 5, 1995, Judge Corradino found that the conditions for the application of the prior pending action rule were not met in this case. The prior pending action doctrine justifies the abatement of a second suit between the same parties "where the two suits are virtually alike and in the same jurisdiction." Henry F. Raab, Inc. v. J. W.Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981); Hatch v.Spofford, 22 Conn. 485, 489, 58 A. 433 (1853). Judge Corradino found that "[t]here is not sufficient identity between the claims being made or the relief being sought in the arbitration case and the one now before the court for the doctrine to apply. cf. Contiv. Murphy, 23 Conn. App. 174, 178 (1990)." Saturn ConstructionCo., Inc. v. State of Connecticut, supra, 15 Conn. L. Rptr. 359. Judge Corradino further added that, even if all the requirements of the doctrine had been met, the rule would not apply to defeat Saturn's request for immediate relief on its constitutional claim and certainly should not apply to preclude the review of that constitutional claim.
Because the two actions at issue in the present case lack the requisite identity of claims the defendant's renewed motion to dismiss must be denied. Fishman v. Middlesex Mutual AssuranceCo., 4 Conn. App. 339, 347-48 cert. denied, 197 Conn. 806 (1985).
— III —
The state claims this action should be dismissed because of its sovereign immunity.
The state is immune from suit unless it consents to being sued. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990);Owner Operators Independent Drivers Assn. of America v. State,
CT Page 8973209 Conn. 679, 684-85, 553 A.2d 1104 (1989). The doctrine serves an important purpose because it prevents unjustifiable interference with the state's performance of its functions. By appropriate legislation, however, the General Assembly may "waive the state's sovereign immunity from suit and authorize suits against the state." (Internal quotation marks omitted.) Lacassev. Burns, supra, 214 Conn. 468.
It is settled in our law that the state cannot use sovereign immunity as a defense against actions for declaratory judgment.Krozser v. New Haven, 212 Conn. 415, 421 (1989), cert. denied sub. nom., Krozser v. Connecticut, 493 U.S. 1036, 110 S.Ct. 757
(1990); Doe v. Heintz, 204 Conn. 17, 31 (1987); Horton v.Meskill, 172 Conn. 615, 625-28 (1977). The state is also precluded from availing itself of the shield of sovereign immunity in actions seeking injunctive relief. University ofConnecticut Chapter, AAUP v. Governor, 200 Conn. 386, 388,512 A.2d 152 (1986); Sentner v. Board of Trustees, 184 Conn. 339,439 A.2d 1033 (1981). These actions are excepted from the sovereign immunity doctrine because "a court may fashion these remedies in such a manner as to minimize disruption to government and to afford an opportunity for voluntary compliance with the judgment." Doe v. Heintz, supra, 204 Conn. 32; see also Sentnerv. Board of Trustees, supra, 184 Conn. 344-45.
Judge Corradino in denying the prior motion to dismiss made the determination that the legislature, with the enactment of General Statutes § 4-61, has consented to suits seeking the kind of relief that the plaintiff seeks in the present action. His decision is supported by case law and is adopted by this court as the law of this case. CFM of Connecticut, Inc. v.Chowdhury, 239 Conn. 375, 404 (1996). Breen v. Phelps,186 Conn. 86, 99 (1982); Daley v. Hartford, 215 Conn. 14, 29 (1990), cert. denied, 111 S.Ct. 513, 111 L.Ed.2d 525 (1991).
Nevertheless, it is appropriate to consider defendant's argument that the Supreme Court ruling in Federal Ins. Corp. v.Peabody, N.E., Inc., supra, supports its position that General Statutes § 4-61 authorizes an action against the state only to the extent that monetary damages are sought, but does not authorize a suit seeking declaratory or injunctive relief. Because the prior ruling on the defendant's motion to dismiss rests on an "expansive" interpretation of General Statutes §4-61, and because the Supreme Court rejected an "expansive" reading of that statute in Peabody, the defendant argues that CT Page 8974 this court should reconsider the motion to dismiss.
Nothing in the general language that the defendant quotes from Peabody and the holding of that case require this court overrule the prior decision by Judge Corradino. In Peabody, the plaintiff, Federal Deposit Insurance Corporation, as successor in interest to a subcontractor on a road construction project, sought to recover from the general contractor, Peabody, Inc., damages for additional expenses incurred by the subcontractor during the project because of delays allegedly caused by the general contractor. Peabody, Inc. denied liability to the subcontractor and then moved to implead the state as a third party defendant on the ground that the damages, if any were found by the court, were caused by delays for which the state was at fault. The motion to implead was granted, the state moved to dismiss the third party complaint, and Peabody, Inc. moved to amend the third party complaint which was granted and subsequently the court denied the state's motion to dismiss. On the issue of whether Peabody, Inc. had sufficiently alleged a waiver of sovereign immunity, the Supreme Court held that the facts alleged were insufficient because Peabody had failed "to allege that Peabody itself had a disputed claim under the contract with the state, as required by General Statutes § 4-61."Federal Deposit Ins. Corp. v. Peabody, supra, 239 Conn. 100. The court, however, stated that if Peabody had admitted liability to the subcontractor then it could have availed itself of General Statutes § 4-61 because in that case Peabody would have had a "claim under its own direct contract with the state." Id., 105.
Peabody is distinguishable from the present case because the plaintiff in that case did not have a direct claim against the state as required by statute as does the plaintiff in the present case based on its contract with the State. While General Statutes § 4-61 (a) expressly states that it shall apply only to `disputed claims' arising under certain types of construction contracts between the state and a party with whom the state has contracted, in the present case the plaintiff does have a claim against the state notwithstanding that the claim is not for monetary damages but for declaratory and injunctive relief.
Notwithstanding the defendant's claim that a claim for equitable relief does not come under the statute, this court concludes that construing the term `claim' within the meaning of the term as used in General Statutes § 4-61, to include a claim for injunctive and declaratory relief would not operate to CT Page 8975 undermine the statute or the legislative intent in enacting it.
Prior to General Statutes § 4-61, a contractor could not bring an action against the state for a claim under a construction contract unless he received individualized legislative authorization to sue. Because of the increased number of petitions seeking such authorization the legislature enacted the statute with the goal of reducing the number of present and anticipated future petitions for permission to sue the state arising out of construction contracts. 7 H.R. Proc., Pt. 4, 1957 Sess., p. 1937. Furthermore, in enacting the statute, the legislature was hoping to reduce the cost of construction projects by eliminating the cost of the legislative authorization process. Conn. Joint Standing Committee Hearings, General Law, Pt. 2, 1957 Sess., p. 436.
Research has failed to reveal any language in the legislative history indicating an intent to limit the kind of relief sought by an action under General Statutes § 4-61. To the contrary, Senator Filer, one of the proponents of the bill, stated: "This bill would permit any person, firm or corporation who has a contract with the state through the public works department or state highway department to bring an action to Superior Court in Hartford on any of the disputed claims." (Emphasis added.) 7 S. Proc., Pt. 3, 1957 Sess., p. 1636. Such language points to the conclusion that the legislature contemplated that a claim of whatever nature, provided it arose out of a construction contract with the state, could be addressed in our courts.
Such relief would also promote the purpose "to create a fairer process for resolution of claims brought by construction contractors against the state." 34 H.R. Proc., Pt. 22, 1991 Sess., p. 8531, comment of Representative Godfrey. It is concluded that the legislature, by General Statutes § 4-61, did not intend to limit the claims that can be brought by a contractor against the state to claims for money damages.
For the above reasons defendant's renewed motion to dismiss is denied.
Jerry Wagner Judge Trial Referee CT Page 8976