[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The plaintiffs in this action are defendants in a matter pending in this court and known as Hysen J Buska v. Idaet Bushkaet al., CV 0126366, which action was commenced prior to the instant action. The prior action seeks damages for a breach of a partnership agreement. At the commencement of that action, lis pendens were filed against real property owned by the defendants. There is presently a Motion for Discharge of these liens pending in that action. This action claims that the filing of the lis pendens constitutes a slander of title and abuse of process and the plaintiffs here seek damages, compensatory and punitive, attorneys fees, interest and a release of the lis pendens. The defendants in this action seek to dismiss it on the basis that it violates the "prior pending action" rule which prohibits law suits subsequently instituted between the same parties for the same end.
It is the law of this state that a second action can be dismissed if it is "virtually alike" a pending action. Our Supreme Court has said in Halpren v. Board ofEducation, 196 Conn. 647 495 A.2d 264 (1985) "It has long been the rule that when two separate lawsuits are `virtually CT Page 12709 alike' the second action is amenable to dismissal by the court.Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co.,183 Conn. 108, 112, 438 A.2d 834 (1981)." Solomon v.Aberman, 196 Conn. 359 382, 493 A.2d 193 (1985). The prior pending action doctrine has evolved as a "rule of justice and equity";[4] Hatch v. Spofford, 22 Conn. 485, 494
(1853); and retains its vitality in this state, in which "joinder of claims and of remedies is permissive rather than mandatory." (Citations omitted.).
Although both of these action involve the same liens and are between the same parties, they seek different remedies other than discharge of the liens which the plaintiffs here seeks in both actions. If this action is dismissed the plaintiffs would be compelled to file a counterclaim in the prior action in order to seek the relief asked for here. From a practical standpoint it makes no substantial difference in dealing with two separate claims within the confines of one law suit or considering two related action at the same time. The court is aware that these matters are not consolidated but the court will of its own motion consolidate them. Since the court is not convinced this action is "virtually" identical to the other action and with the solace that "the rule forbidding the second action is not . . . . of unbending rigor, nor of universal application" id. pg. 653, the court will deny the motion to dismiss.
On its own motion and pursuant to Practice Book Section 84A, the court will consolidate this action with Hysen J. Bushkav. Idaet Bushka CV 95 0126366.
PELLEGRINO, J.