[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants Carrie Levy and Maureen Sidman moved to dismiss this case under the "prior pending action doctrine" on the grounds that an identical action brought in the Judicial District of Hartford prior to the bringing of this case, is still pending in that court.
The plaintiffs object to the Motion to Dismiss for the reason that the "prior pending action" doctrine is inapplicable because in the Hartford J.D. matter, they were nonsuited on March 17, 1998. On March 3, 1998 the Hartford Superior Court ordered the plaintiffs to comply with discovery on or before March 17, 1998 or nonsuit will follow. Presumably the plaintiffs did not comply and were nonsuited.
This Court agrees with the defendants' position. A comparison of the two complaints show they are identical except for a count against one Gabriel Cusanelli in the Hartford case, which apparently was withdrawn and so was omitted in the Tolland case. In all other respects the counts are identical.
Defaults and nonsuits are interlocutory orders and are not final judgments. In the case of a default, a hearing in damages may be required or a motion for judgment. While a nonsuit may not require further similar proceedings, until the Court or a clerk enters a judgment of nonsuit it is not final. Stephenson, Connecticut Civil Procedure § 95, P. 276. CT Page 6673
To corroborate that the Hartford case is still pending, there was a Motion for Default for Failure to Plead filed by the defendants on May 13, 1999 and the matter is on the most recent dormancy calendar in the Hartford J.D.
While two separate actions are pending which are virtually alike, the later filed one is amenable to dismissal. Henry F.Rabb Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112
(1981); Halpern v. Board of Education, 196 Conn. 647, 652-653
(1985).
The Motion to Dismiss is granted.
Klaczak, J.